Janean Zeller, as Administrator of the Estate of Phillip Zeller, Deceased, Plaintiff-Appellant, v. Floyd D. Durham, Defendant-Appellee.

Gen. No. 11,521.

Second District, Second Division.

January 9, 1962.

Brown, Connolly, and Paddock, of Rockford, for appellant.

Maynard & Maynard, of Rockford, for appellee.

WRIGHT, J.

Plaintiff, Janean Zeller, as Administrator of the Estate of Phillip Zeller, deceased, instituted wrongful death proceedings against the defendant, Floyd D. Durham, for his alleged negligence in operating his automobile and striking plaintiff's intestate, a pedestrian crossing a street in the City of Rockford. The jury returned a verdict for the defendant and a special interrogatory answered in the affirmative finding the decedent guilty of contributory negligence. The Circuit Court of Winnebago County entered judgment upon the verdict and special finding from which judgment this appeal is taken.

The plaintiff contends that the trial court committed reversible error in the following respects: (1) In refusing to enter a judgment for the plaintiff notwithstanding the verdict; (2) In refusing to grant a new trial on the theory that the verdict and special finding were contrary to the manifest weight of the evidence; (3) In refusing to give plaintiff's tendered instructions, Nos. 14 and 9, and (4) In giving defendant's instructions, Nos. 7 and 14.

We shall first consider the physical surroundings, then the facts and circumstances relating to the occurrence. The incident occurred at about 5:30 P. M., after dark, on November 19, 1958, near the intersection of South Main Street and Loomis Street in the City of Rockford, Illinois. This intersection is in a business area. The street lights were on and the stores lit up. The weather was clear and there was no ice, snow, rain or fog. South Main Street is 56 feet wide, is a four lane, main, north-south thoroughfare with the outside two lanes used for parking so that there are only two lanes for moving traffic. There are no control lights at the intersection and no stop signs

for north and southbound traffic on South Main Street. There are stop signs for east and westbound traffic on Loomis Street. There is a marked crosswalk across South Main Street, north of Loomis Street. The marked crosswalk is 7 feet, 3 inches wide and the south line of it is approximately 8 feet north of the curb line of Loomis Street.

It appeared, from circumstantial evidence, that the decedent was crossing from the west side to the east side of South Main Street in or near the marked crosswalk north of Loomis Street at the time he was struck. The defendant was driving south on South Main Street approaching the intersection with his lights burning and driving at a speed of twenty-eight miles per hour in a thirty mile zone. The defendant's car was slightly to the west of the center of the street in the southbound lane of traffic. The defendant stated to a police officer, who arrived at the scene, that just prior to striking the decedent he had looked back to see what had happened to a woman pedestrian who had suddenly appeared from between some parked cars almost in his line of travel and as he looked back he struck the decedent. He further stated that he did not see the decedent until the moment of impact. The decedent was apparently struck by the left front headlight of defendant's automobile, since broken glass from the headlight was found in the crosswalk immediately west of the center line of the street. A police officer testified that the decedent was struck in the north crosswalk of the intersection and that he located the point of impact from the broken glass from defendant's left front headlight and round scuff marks in the crosswalk.

George Sigler testified on behalf of defendant that he was in his automobile headed north at the intersection about 15 feet south of the crosswalk waiting

for defendant's car to pass before turning left into Loomis Street. This witness stated he did not see the decedent at any time before he was struck. He stated that he saw the decedent only at the moment of impact "there in the crosswalk—close to the crosswalk," at about the center of the road. In answer to whether or not he saw the decedent prior to the impact, Mr. Sigler testified: "I see just a-just a black spot in the street there. Looked like a black overcoat, is what it looked. I didn't know whether it was a man or who it was . . . I couldn't see whether he was walking or just standing still there, at the time, when he hit him there."

As a result of being struck by defendant's automobile, the decedent suffered serious injuries from which he died on December 1, 1958. The defendant was not permitted to testify because of Section 2 of the Evidence Act (Ill Rev Stats c 51, § 2), and there were no other eyewitnesses to the occurrence. Since there were no eyewitnesses to the action of the decedent prior to the actual time of impact, the trial court properly permitted the introduction of evidence that the decedent was a man of careful habits when crossing streets.

Plaintiff's instruction No. 14, which the court refused to give, is as follows:

"The Court instructs the jury that there being no eye-witness to the actions of Phillip Zeller immediately prior to the collision, then evidence of the general habits of Phillip Zeller as to his care and caution when crossing streets may be taken into consideration by the jury, together with all the facts and circumstances in evidence, in determining the degree of care exercised by Phillip Zeller while crossing the street at the time he was injured."

277

■■ It was incumbent upon the plaintiff to prove that the decedent was in the exercise of due care and caution for his own safety at and immediately prior to being struck. The facts and circumstances in this case relative to the question of due care on the part of the decedent are close. The evidence offered and admitted to establish this element of plaintiff's case was that the decedent was in or near the crosswalk near the center of the street at the time he was struck and that decedent was a person of careful habits when crossing streets. The court's refusal to instruct the jury on the effect of the proof of decedent's careful habits when crossing streets left the jury free to speculate and surmise without any evidentiary basis as to what the decedent might have done in the period of time prior to the moment of impact. Without this instruction being given, the jury could have conceivably not known or realized why the evidence of careful habits was admitted and what its significance was. Such an instruction has been approved by the Illinois Supreme Court Committee on Jury Instructions in a wrongful death case where there were no eyewitnesses. (See: Illinois Pattern Jury Instructions, Sec 10.08.) The court admitted evidence of habits of due care but refused to instruct the jury on its legal effect. This evidence was properly admitted and the plaintiff had a right to have the jury instructed on the consideration to be given it. We are of the opinion that the failure to submit to the jury plaintiff's tendered instruction No. 14 constituted reversible error in this case.

■ We will not comment on the other points made with respect to refusing plaintiff's tendered instruction No. 9 or the giving of defendant's instructions Nos. 7 and 14, since the "Illinois Pattern Jury Instructions" prepared by the Illinois Supreme Court Committee on Jury Instructions is now available. Illinois Pattern Jury Instructions should be used where ap-

plicable unless the court deems that the particular instruction does not accurately state the law. Cooper v. Cox, 31 Ill App2d 51, 175 NE2d 651.

It has long been the rule in this state that the driver of a vehicle on a city street is charged with a duty to exercise reasonable care in the operation of his vehicle and to have his vehicle under such control as will enable him to avoid collision with pedestrians. He is charged with notice that pedestrians may cross the street over which he is driving and it is, therefore, his duty to so drive his car as to have it under control and to keep a proper lookout ahead so as to enable him to avoid colliding with pedestrians. Whether or not the defendant in the instant case was driving in accordance with his duty or was guilty of negligence was a question of fact for the jury. Similarly, there was a duty upon the part of the decedent to so conduct himself as to be free from contributory negligence. Moran v. Gatz, 390 Ill 478, 62 NE2d 443.

The questions of negligence and contributory negligence ordinarily and pre-eminently present questions of fact. It is not the function of the reviewing court to substitute its judgment for that of the jury upon controverted questions of fact. It is fundamental law in our jurisprudence that all controverted questions of fact, in a jury trial, must be submitted to the jury for decision. This is primarily the exclusive function of the jury and to withdraw such questions from its consideration is to usurp its function. Geraghty v. Burr Oak Lanes, Inc., 5 Ill2d 153, 125 NE2d 47; Lasko v. Meier, 394 Ill 71, 67 NE2d 162.

For the reasons herein indicated, the judgment of the trial court is reversed and the cause remanded for a new trial.

Reversed and remanded.

SPIVEY, P. J. and CROW, J., concur.