Cova Robbins, Plaintiff-Appellee, Cross Appellant, v. Howard Campbell, Jr., Defendant, Cross Appellee, and Edgar Robbins, Defendant-Appellant.

Gen. No. 64–112.

Fifth District.

July 6, 1966.

Pope and Driemeyer, of East St. Louis, for appellant.

Richard A. Cagle, of Alton, for appellee.

GOLDENHERSH, P. J.

Plaintiff, Cova Robbins, filed suit in the Circuit Court of Madison County seeking to recover damages for injuries suffered while riding in an automobile driven by

defendant, Edgar Robbins, which collided with an automobile driven by defendant, Howard Campbell, Jr. The case was tried to a jury and resulted in a verdict in favor of the plaintiff and against defendant, Edgar Robbins, in the amount of $3,500, and a verdict in favor of the defendant, Howard Campbell, Jr., and against plaintiff. Both plaintiff and defendant, Edgar Robbins, filed post-trial motions, the motions were denied, and final judgments were entered on the verdicts.

Defendant, Edgar Robbins, appeals from the judgment, assigning as error the denial of his motions for directed verdict, and his post-trial motion praying judgment notwithstanding the verdict, and in the alternative, for a new trial. Plaintiff cross appeals as to both defendants, contending that the court erred in denying her post-trial motion for judgment notwithstanding the verdict against defendant, Howard Campbell, Jr., on the issue of liability, that the verdict is inadequate in view of the severity and permanence of plaintiff's injuries, and the court erroneously denied that part of plaintiff's post-trial motion which seeks a new trial against both defendants on the issue of damages only.

Plaintiff's complaint, as amended, contains three counts: Count I charges defendant, Howard Campbell, Jr., with negligence, Count II charges defendant Edgar Robbins, with wilful and wanton misconduct, and Count III alleges that plaintiff was a fare paying passenger in the automobile driven by defendant, Edgar Robbins, and charges him with various acts of negligence. At the close of the plaintiff's case, plaintiff dismissed Count II, and the case went to the jury on Counts I and III.

The collision out of which this suit arises occurred at the intersection of Tenth Street and Broadway in Mt. Vernon, Illinois. Tenth Street runs north and south and is six lanes wide, with two parking lanes, two southbound and two northbound travel lanes. Broadway ex-

tends in an easterly and westerly direction, is three lanes wide, and traffic is restricted to one way travel in an easterly direction.

The testimony shows that defendant, Edgar Robbins, is plaintiff's son. Plaintiff, defendant, Edgar Robbins, his wife, and his 13-year-old son had travelled in defendant's automobile from East Alton, Illinois, to Hardinsburg, Kentucky, and the collision occurred as they were homeward bound. The trip to Kentucky was for the purpose of visiting plaintiff's son, who resided there. This son's home and furniture had recently been destroyed by fire and defendant had rented a trailer in which to transport some furniture which plaintiff gave to her son. The trailer was being towed by defendant's car at the time of the collision.

On the day of the occurrence plaintiff, defendant, Edgar Robbins, his wife and son had left Hardinsburg at 8:00 a. m. and about 1:30 p. m. were traveling in a northerly direction on Tenth Street. Defendant, Edgar Robbins, was driving, his son sat in the front seat, plaintiff and defendant's wife were in the back seat. At that time defendant, Howard Campbell, Jr., was driving south on Tenth Street and made a left turn into Broadway. There are electric traffic control signals at the intersection. As to northbound traffic the signal has the usual red, yellow and green lights. For southbound traffic, in addition to the three colored signals, there is a green arrow which permits left turns into Broadway.

The automobiles driven by the defendants collided, and photographs in evidence show the left front of each car to be damaged.

■ ■ Citing Grubb v. Illinois Terminal Co., 366 Ill 330, 8 NE2d 934, defendant, Edgar Robbins, contends that the evidence shows plaintiff to have been engaged with him in a joint enterprise, and therefore, she cannot recover from him on a negligence theory. Absent evidence of a business enterprise, the rule enunciated in

255

Grubb v. Illinois Terminal does not apply, Smith v. Bishop, 32 Ill2d 380, 205 NE2d 461. As to defendant's contention that plaintiff was a guest, the testimony shows that plaintiff paid defendant $20, which defendant testified, was to pay her part of the expenses for gasoline and meals. The testimony shows that the distance driven on the round trip from East Alton to Hardinsburg was 560 miles, and that no overnight stops were made. Under the circumstances, the payment of $20 appears to be sufficient to entitle plaintiff to the status of a passenger, rather than a guest. 8 Am Jur2d 47, McNanna v. Gach, 51 Ill App2d 276, 201 NE2d 191.

Defendant, Edgar Robbins, contends that the court erred in denying his motion for a directed verdict at the close of plaintiff's case. It is plaintiff's position that the evidence at the close of plaintiff's case was sufficient to require submission of the case to the jury, and further, assuming the evidence to be insufficient, by further participation in the trial, defendant waived the right to question the correctness of the court's ruling. Plaintiff contends that the issue presented on review, is the sufficiency of the evidence, at the close of all the evidence, and not at the close of plaintiff's case. The consideration of these issues requires a brief review of plaintiff's evidence.

Defendant, Edgar Robbins, called under section 60 of the Practice Act, testified that when he approached the intersection the signal light was "on caution," that there was a car stopped at the intersection, that when the light changed to green, defendant drove out into the intersection, that he saw defendant, Howard Campbell, Jr.'s car heading south but with its wheels "sort of cut in an easterly direction," that immediately thereafter, defendant Campbell's car "raised right up and made a left hand turn right in front of me."

Defendant, Howard Campbell, Jr., called under section 60, testified that he was familiar with the intersection, when the green arrow is on for left-hand turns into Broadway the red light is on for northbound traffic on Tenth Street, that the last time he saw the green arrow was just prior to his entering the intersection.

Dennis Robbins, son of defendant, Edgar Robbins, called by plaintiff, testified that when defendant, Edgar Robbins, approached the intersection, the light was red and his father stopped his car. He stated that the light changed from red to yellow to green, that when his father started into the intersection, the light was green. On cross-examination, Dennis was asked about his pre-trial deposition, and thereupon testified that when defendant, Robbins, moved his car forward, the light was yellow.

■ There was sufficient evidence at the close of plaintiff's case to submit to the jury the issue of defendant, Robbins, negligence, Pfister v. West, 53 Ill App2d 305, 203 NE2d 35. Having reached this conclusion, we do not reach the issue of waiver.

■ As to plaintiff's motion for judgment against defendant, Campbell, notwithstanding the verdict, the evidence presented an issue of fact for the jury as to the negligence of this defendant, the trial court properly denied plaintiff's motion and the judgment will not be disturbed.

There remains for consideration plaintiff's contention that the verdict is inadequate. Plaintiff proved medical expenses of $855.70. There is no evidence of loss of earnings. She suffered a simple fracture of the elbow joint with some limitation of motion.

■ ■ The question of damages is peculiarly one of fact for the jury. Plaintiff makes no complaint as to instructions or the admission or rejection of evidence. Un-

der the circumstances, we cannot say that the verdict is patently inadequate or grossly unfair or unreasonable. Corsello v. Warren, 51 Ill App2d 367, 201 NE2d 155.

For the reasons herein set forth, the judgments of the Circuit Court of Madison County are affirmed.

Judgment affirmed.

MORAN and EBERSPACHER, JJ., concur.