OLSEN *v.* LARSON

1. AUTOMOBILES — NEGLIGENCE — GUEST PASSENGERS — JOINT ADVENTURE — ILLINOIS LAW.

   The Illinois motor vehicle law provides that a person riding in a motor vehicle as a guest passenger or while engaged in a joint enterprise shall have a cause of action only when the accident is caused by the driver's willful and wanton misconduct and the misconduct contributed to the injury, but a carrier of passengers for hire is not relieved by this section of responsibility for the injury or death of any passenger for hire (Illinois Statutes Revised [Smith-Hurd Annotated] ch 95–1/2, § 9–201).

2. AUTOMOBILES — NEGLIGENCE — JOINT ADVENTURE — BUSINESS PURPOSE — ILLINOIS LAW.

   The mere sharing of expenses of an automobile trip does not constitute the participants as joint enterprisers under Illinois law; there must be evidence of a "business purpose" which relates to the purpose of the automobile trip to constitute them joint enterprisers.

3. AUTOMOBILES—NEGLIGENCE—PASSENGER FOR HIRE—ILLINOIS LAW.

   Persons who join together for the sole purpose of transportation, who compensate the owner of the vehicle either in cash or by

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 471, 473, 488.
[2, 3] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 480, 481.

the use of their automobiles, and who share the driving, where the arrangement is not an isolated transaction, are passengers for hire under Illinois law, and the operator of the automobile is responsible to them for injuries caused by his negligence.

Appeal from Muskegon, Albert J. Engel, J. Submitted Division 3 November 8, 1969, at Grand Rapids. (Docket No. 6,696.) Decided August 24, 1970. Leave to appeal denied January 14, 1971. 384 Mich 797.

Complaint by John B. Olsen, administrator of the estate of Arnold Good, and Jerry Brandow, Francis D. Hopkins, and Jay A. Kerr against William J. Larson for automobile negligence. Summary judgment for defendant. Plaintiff appeals. Reversed.

*John B. Olsen,* in propria persona.

*Lidke & Sanford,* for plaintiffs Jerry Brandow, Francis D. Hopkins, and Jay A. Kerr.

*Poppen, Street & Sorensen,* for defendant.

Before: R. B. BURNS, P. J., and HOLBROOK and LEVIN, JJ.

LEVIN, J. Arnold Good was killed and Jerry Brandow, Francis D. Hopkins, and Jay A. Kerr were injured when an automobile in which they were riding and operated by William J. Larson collided with a truck trailer. The administrator of Good's estate and the other persons named commenced this action against Larson to recover their damages.

The plaintiffs and the defendant both moved for summary judgment on the ground that there is not a genuine issue of material fact.[1] The trial judge

---

[1] GCR 1963, 117.

granted the defendant's motion and entered a judgment dismissing the plaintiffs' complaint.

This appeal comes to us on a stipulation of facts. The defendant Larson concedes that he was driving and that he was guilty of ordinary negligence that caused the accident. It is further agreed, however, that Larson was not grossly negligent or guilty of willful or wanton misconduct. The parties also agree that Illinois law governs[2] and that summary judgment should be awarded to one side or the other.

The Illinois motor vehicle law provides: "No person riding in * * * a motor vehicle * * * as a guest without payment for such ride, or while engaged in a joint enterprise with the owner or driver" shall have a cause of action against the driver or owner for injuries sustained unless the accident is caused by the driver's or owner's "willful and wanton misconduct" and such misconduct contributed to the injury. "Nothing contained in this section shall be construed to relieve a motor vehicle or motorcycle carrier of passengers for hire of responsibility for injury or death sustained by any passenger for hire."[3]

The defendant successfully contended in the trial court that the plaintiffs were either guest passengers or joint enterprisers. On appeal, the plaintiffs contend that they were passengers for hire. We reverse.

Good and the other plaintiffs were serving in the United States Army and were stationed at Fort Leonard Wood, Missouri. Hopkins and Kerr, each of whom owned an automobile, had arranged to provide common transportation to Muskegon, Michigan

---

[2] See *Abendschein* v. *Farrell* (1970), 382 Mich 510; see, also, *Bostrom* v. *Jennings* (1949), 326 Mich 146.

[3] Illinois Revised Statutes, (Smith-Hurd Annotated) ch 95-1/2, § 9-201.

for themselves, Brandow, and Good. The two automobiles were used alternately to transport the four men on a number of trips. Brandow and Good each contributed $20 to the owner of whichever automobile was used. Hopkins and Kerr paid nothing, the alternate use of their respective automobiles being regarded as their contributions.

The defendant Larson learned of the arrangement and joined the group for the first time on the trip that gave rise to this action. Hopkins' automobile was used; accordingly, Good, Brandow, and Larson each paid him $20. In keeping with the usual practice, all the men shared the driving.

The collective purpose of the young men extended no further than a plan to transport themselves to Muskegon and back to Missouri. On their arrival in Muskegon, they went their separate ways to visit their wives and families. There was apparently no communication between the men while in Muskegon except to arrange a meeting place and time for their return to Missouri. The collision occurred in Illinois during the return trip to Missouri.

The requirement that a passenger "engaged in a joint enterprise with the owner or driver" prove willful and wanton misconduct was added to the Illinois statute by amendment in 1957.[4] Previously, only "guests" had to prove more than ordinary negligence to recover.

In *McNanna* v. *Gach* (1964), 51 Ill App 2d 276, 281 (201 NE2d 191, 193), the accident occurred in 1956, before the effectiveness of the 1957 amendment. The plaintiff and five other students paid $2 a week to the driver in return for rides to and from high school. The Court declared:

"We conclude, as a matter of law, that plaintiff was a passenger and not a guest. These trips were

---

[4] See (Illinois) Laws 1957, p 2706, § 9-201.

not made for pleasure or social purposes. The arrangement or custom was not for an isolated, single or occasional transportation, but had been in effect on a paying basis for more than two months, five days each week. It comprehended continuous transportation to and from school. The amount of the payment was certain and substantial in amount. The arrangement constituted an economic benefit to the deceased driver, Gach, for the reason he was obliged to make the trip to reach his own place of study."

In the post-1957 amendment case of *Robbins* v. *Campbell* (1966), 72 Ill App 2d 252 (218 NE2d 492, 494), the plaintiff paid the defendant driver, her son, $20 for her share of the expenses for gasoline and meals during a 560 mile round-trip to visit another son. The Court ruled:

"Under the circumstances, the payment of $20 appears to be sufficient to entitle plaintiff to the status of a passenger, rather than a guest. 8 Am Jur 2d 47; *McNanna* v. *Gach* (1964), 51 Ill App 2d 276 (201 NE2d 191)."

On the authority of *McNanna* and *Robbins* we hold that under Illinois law Good and the other plaintiffs were not riding as "guests without payment for such ride."[5] As in *McNanna,* the arrangement between the men did not relate to an isolated transaction. The amounts paid by the cash-paying passengers and the use of the automobiles of the

---

[5] The argument that the plaintiffs were nonpaying guests because they did not pay the defendant Larson is based on the mistaken assumption that whether a person is traveling "without payment for such ride" depends on whether the driver is compensated. If the passenger makes a substantial payment for the privilege of riding it is of no importance that the driver is willing to drive without payment.

In any event, the defendant Larson, although not financially compensated, received consideration for driving in the form of a reduction in the cost of traveling between Fort Leonard Wood and Muskegon as compared with the cost of public transportation.

nonpaying passengers[6] were compensation substantial in amount. In *Summers* v. *Summers* (1968), 40 Ill 2d 338 (239 NE2d 795), the Illinois Supreme Court held that an owner-occupant, such as Hopkins in this case, is not a "guest" within the meaning of the statute.

The *Robbins* Court also ruled that the plaintiff in that case was not engaged in a joint enterprise with her son.[7] The trip there was for the purpose of visiting another son whose home and furniture had recently been destroyed by fire and the defendant had rented a trailer in which to transport some furniture which the plaintiff gave to her son. The Court ruled (p 494): "Absent evidence of a *business* enterprise" the parties were not engaged in a joint enterprise within the meaning of the statute. (Emphasis supplied.)

The most recent expression by an Illinois appellate court is in *Enlow* v. *Illinois Central R. Co.* (1969), 103 Ill App 2d 269, 276, 277 (243 NE2d 847, 851). There, schoolboys were killed while riding in a school-owned truck on which they had helped load a drag or grader which the school was returning to the owner. The court said:

"To define a joint enterprise there must be evidence of a common *business* purpose in which the occupants are mutually interested in the trip itself as part of such purpose and where each is responsible for the manner in which the car was operated. *Grubb* v. *Illinois Terminal Co.* (1937), 336 Ill 330, 339 (8 NE2d 934); *Smith* v. *Bishop* (1965), 32 Ill 2d 380, 385 (205 NE2d 461). Here the original complaint was sufficient to show that there was no mutual interest in the purpose of the automobile

---

[6] See *Kinney* v. *Kraml Dairy, Inc.* (1959), 20 Ill App 2d 531 (156 NE2d 623).

[7] Here, as in *Robbins*, the suit is between the alleged members of the joint enterprise.

ride, and that the purpose was not a business purpose to the boys." (Emphasis by the Court.)

It is apparent from *Robbins* that the mere sharing of expenses does not constitute the participants joint enterprisers—there must be evidence of a "business enterprise." And from *Enlow,* that the "business enterprise" or "business purpose" must, at least ordinarily, relate to the purpose of the automobile ride.

In this case the parties had no joint purpose in riding together other than to economize by sharing travel expenses. They did not engage in any joint pursuit in Muskegon; upon arriving there, they separated, and regrouped only to begin the return trip to Missouri. The purpose of the trip was personal, not business. The men did not go to Muskegon to further a joint *business* purpose.[8]

---

[8] In *Grubb* v. *Illinois Terminal Co.* (1937), 366 Ill 330 (8 NE2d 934), the Illinois Supreme Court said that if there is "a substantial sharing of the expense, the host and guest relation does not exist," but that since in the case there at hand the driver and passengers, three sisters, were using the automobile as part of a "common business enterprise" the driver's contributory negligence barred recovery by the passengers. The trip was for the purpose of purchasing material to decorate their home, the cost of which was to be borne by each equally.

In the subsequent case of *Smith* v. *Bishop* (1965), 32 Ill 2d 380, 385 (205 NE2d 461, 464), the court declined to impute the negligence of the husband driver to his passenger wife. They were on a trip with their children for the purpose of having a physician treat one of the children. The Court declared: "There is no evidence of any business enterprise in the case at bar, nor do we see any reason that would justify extending the doctrine of the *Grubb* case to the present factual situation."

In *Robbins,* construing the statute before us, the Court said, as partially quoted in the text following footnote 7: "Absent evidence of a business enterprise, the rule enunciated in *Grubb* v. *Illinois Terminal* does not apply. *Smith* v. *Bishop,* 32 Ill 2d 380, 205 NE2d 461."

Summarizing, a trip to purchase materials for use in a home is a business purpose (*Grubb*), but a trip to visit a son and to bring him furniture (*Robbins*) or to visit a physician (*Smith*) is not a business purpose. The purpose of the trip here was to visit wives and families, which appears to be factually closest to *Robbins.*

We note that the general trend in Illinois, as in Michigan and other jurisdictions (see *McKenzie* v. *McKenzie* [1965], 374 Mich 320, 324;

Reversed and remanded for the entry of a summary judgment in the plaintiffs' favor consistent with this opinion. Costs to plaintiffs.

All concurred.

*Chapman* v. *Buder* (1968), 14 Mich App 13, 21, n 5), has been to interpret guest statutes restrictively. See The Illinois Guest Statute: An Analysis and Reappraisal, 54 NW L Rev 263 (1959).