LEONA KERBECK *et al.*, Plaintiffs-Appellants, *v.* DONALD F. SUCHY, Defendant-Appellee.

(Nos. 53234, 53482 cons.;

First District—March 23, 1971.

Barbera & Friedlander, of Chicago, (Earle E. Friedlander, Philip Z. Levinson, and Jerome Marvin Kaplan, of counsel,) for appellants.

Kralovec, Sweeney, Marquard & Scoby, of Chicago, (George E. Sweeney and Edward V. Scoby, of counsel,) for appellee.

Mr. PRESIDING JUSTICE LEIGHTON delivered the opinion of the court:

This was a personal injury suit by Leona and Edward Kerbeck against Donald F. Suchy. After hearing the evidence, a jury returned two verdicts: one in favor of Leona Kerbeck awarding her $1,000.00 for damages

and the other against Edward Kerbeck. Post-trial motions were over-ruled. Judgments were entered on the verdicts. Plaintiffs appeal, contending that the verdict against Edward Kerbeck was contrary to the manifest weight of the evidence and that the damage award to Leona Kerbeck was inadequate. The essential facts are not in dispute.

On October 2, 1962, at about 6:20 P.M., Leona and Edward Kerbeck were on the southeast corner of South Pulaski Avenue and West 26th Street in Chicago. On the northeast corner was Ingeborg Dragisic, with her two children. It was raining. The lights that controlled vehicular traffic on Pulaski Avenue were red. Donald Suchy was then driving south on Pulaski. He stopped at 26th Street intending to make a left turn and go east. He waited for a change of the same red light which the Kerbecks and Mrs. Dragisic were watching. When the light turned to green, Leona and Edward Kerbeck, using the pedestrian crosswalk, began walking to the north side of West 26th Street. Mrs. Dragisic left the curb and began to walk south on the same crosswalk. Suchy started to make the left turn. The lights of a car approaching him from the south on Pulaski momentarily distracted him. After the car passed him, he made the turn and ran into Leona Kerbeck, knocking her to the pavement directly in front of his car. She was carried by ambulance to a hospital where, for ten days, she was under the care of her family physician. The medical and hospital expenses totalled $340.75.

At the time of the accident Leona Kerbeck was 43 years old. Her marriage in August 1962 to Edward Kerbeck was her third. She had given birth to one child and had become pregnant one time after that. She was an unemployed waitress. During 1960 and 1961, she was treated for menopause, had a hysterectomy performed and her left ovary was removed. Thereafter, and until she was struck by Suchy's car, she testified that her health was good. Following the ten days hospitalization, because of injuries, she remained in bed for about two weeks. But it was almost a month before she could get about. During this time, she was treated in her home by her family physician; and then for about a year (in visits every week or ten days), she visited his office where he examined her, gave her pills and injected shots in her right arm.

In January 1963, she was referred to an obstetrician and gynecologist to whom she complained of stress, urging constancy of urine, a bearing down sensation and pain in the pelvic area. An examination revealed a cystocele, described by doctors as a protrusion of part of the bladder into the vagina; a rectocele, a protrusion of the anterior portion of the rectum into the vagina; a urethracele, a protrusion of the urethra into the vagina; an introcele, a protrusion of the bowel from the peritoneal cavity into the vagina. On March 8, 1963 an operation was performed

on Leona Kerbeck. The cystocele and rectocele were repaired. Her vaginal tract was reconstructed. She was hospitalized for ten days and remained under treatment for eight weeks. The medical, surgical and hospital expenses totalled $1,183.95. When he testified, the gynecologist gave his opinion that the cystocele and the rectocele could have been caused by the trauma Leona Kerbeck suffered on October 2, 1962, when she was struck by Donald Suchy's automobile.

Donald Suchy called as his witness a doctor who, for more than thirty years, had specialized in obstetrics and gynecology. He testified that he had never heard of an external trauma producing a cystocele, one of the gynecological problems for which Leona Kerbeck underwent surgery. In answer to a hypothetical question, this gynecologist gave his opinion that the trauma Leona Kerbeck experienced on October 2, 1962, could not have produced the cystocele and the rectocele for which she was surgically treated on March 8, 1963.

Concerning himself, Edward Kerbeck testified that the force of Suchy's car struck his hand and part of his knee, breaking the grip he had on Mrs. Kerbeck and threw him a few feet to his right. He produced paid bills totalling $33.00: $20.00 for an x-ray examination and $13.00 for four undescribed prescriptions. Richard J. Franczyk, a traffic policeman, testified that at the scene of the accident Donald Suchy told him "[h]e had struck the two pedestrians." In conflict with this testimony, Ingeborg Dragisic, on behalf of plaintiffs, said that she saw the car "[h]it the lady * * * [who] had been walking a few feet ahead of her husband * * * he did not get hit * * * ." Donald Suchy, when he testified, insisted that his car did not strike Edward Kerbeck.

■■■ Thus, it was a question for the jury whether, as alleged in the complaint and claimed at trial, Donald Suchy's negligence caused injury which resulted in damage to Edward Kerbeck. (*Zeller v. Durham,* 33 Ill.App.2d 273, 179 N.E.2d 34; *Ryan v. Monson,* 33 Ill.App.2d 406, 179 N.E.2d 449.) Proof of damage is essential for recovery in a suit for negligence. (*Jeffrey v. Chicago Transit Authority,* 37 Ill.App.2d 327, 185 N.E.2d 384; 65 C.J.S. Negligence, §6.) It is obvious that the jury resolved the conflict in the testimony and found, as it could have done, that in the accident of October 2, 1962, Edward Berbeck did not suffer injury which resulted in damage. *Bartlett v. Chicago Transit Authority,* 33 Ill.App.2d 12, 178 N.E.2d 200 and see *Roewe v. Lombardo,* 76 Ill.App.2d 164, 174, 221 N.E.2d 521.

As to the verdict in favor of Leona Kerbeck, plaintiffs complain that the damage award of $1,000.00 was inadequate. They argue that because her proved medical expenses totalled $1,524.70, the judgment must be reversed.

■■■ This argument assumes as true that Leona Kerbeck's gynecological problems (that is, the cystocele and the rectocele operations of March 8, 1963) were caused by the trauma of the accident of October 2, 1962. However, defendant's gynecologist gave his expert opinion that these problems were not produced by the trauma. Therefore, it was a jury question whether all of the medical expenses shown in the total of $1,524.70 were the result of Donald Suchy's negligence. From its verdict, it appears the jury found there was no causal connection between the accident of October 2, 1962, and the gynecological operations of March 8, 1963. The evidence supports the verdict. *Steele v. Brown*, 43 Ill.App.2d 293, 193 N.E.2d 352.

■■ In matters relating to damages, courts are reluctant to interfere with the discretion of the jury. (15 I.L.P., Damages, §162.) Where no complaint is made concerning instructions, the admissibility or rejection of evidence, a reviewing court will not disturb the damages awarded, unless the amount is so palpably inadequate as to require a reversal. (*Corsello v. Warren*, 51 Ill.App.2d 367, 201 N.E.2d 155.) These principles control the case before us. The evidence presented a genuine conflict concerning the legitimacy of the expenses incurred. Under these circumstances we will not interfere with the verdict of the jury. *Haleem v. Onate*, 71 Ill.App.2d 457, 219 N.E.2d 94. We affirm the judgments.

Judgments affirmed.

McCORMICK and STAMOS, JJ., concur.