EDWARD J. PALAUSKY, JR., a Minor, by Edward J. Palausky, Sr., his Father and Next Friend, *et al.*, Plaintiffs-Appellants, *v.* DEBORAH J. LANDERS, Defendant-Appellee.

Fifth District   No. 77-569

Opinion filed December 26, 1978.

Hotto, Neubauer & Rosen, of Fairview Heights (Rich Rosen, of counsel), for appellants.

Joseph R. Davidson, of Bernard & Davidson, of Granite City, for appellee.

Mr. JUSTICE KARNS delivered the opinion of the court:

Plaintiffs, Edward J. Palausky, Jr., a minor, by Edward J. Palausky, Sr., his father, and Edward J. Palausky, Sr., individually, filed suit in the Circuit Court of St. Clair County against defendant Deborah J. Landers to recover damages for personal injuries allegedly caused by defendant's negligence in the operation of her automobile. Plaintiffs appeal from the judgment entered on a verdict in defendant's favor alleging that an improper instruction was given to the jury.

On November 14, 1974, plaintiff, Edward Palausky, Jr., a pedestrian, was struck by a vehicle driven by Ms. Landers as he was crossing West

Main Street in Belleville, Illinois. The testimony was in conflict whether plaintiff had crossed the street within a crosswalk. Defendant tendered Instruction No. 5 patterned after Illinois Pattern Instructions, Civil, No. 70.03 (2d ed. 1971), regarding the duty of a pedestrian crossing outside a crosswalk:

> "There was in force in the State of Illinois at the time of the occurrence in question a certain statute which provided that:
>
>> 'Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the roadway.'
>
> If you decide that a party violated the statute on the occasion in question, then you may consider that fact together with all the other facts and circumstances in evidence in determining whether or not a party was contributorily negligent before and at the time of the occurrence."

The tendered instruction was phrased in virtually the same language as section 11—1003 of the Illinois Vehicle Code (Ill. Rev. Stat. 1973, ch. 95½, par. 11—1003), except that it omitted the following statutory language defining the driver's duty of care:

> "Notwithstanding the foregoing provisions of this Section every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway and shall give warning by sounding the horn when necessary and shall exercise proper precaution upon observing any child * * * upon a roadway." (Ill. Rev. Stat. 1973, ch. 95½, par. 11—1003(c).)

Although it is difficult to discern from the record what occurred at the instruction conference, counsel for plaintiffs apparently objected to defendant's instruction on the grounds that it defined a pedestrian's, but not a driver's, duty of care. We note, however, that after plaintiffs objected to this instruction the trial court gave them the opportunity to tender an instruction defining the parties' respective duties, which opportunity plaintiffs declined. In addition, as part of trial strategy, plaintiffs' counsel apparently chose to avoid the issue of a pedestrian's duty of care in his instructions by focusing instead on the motorist. For example, plaintiffs' Instruction No. 10, which essentially paraphrases the language of subsection (c) of section 11—1003 of the Illinois Vehicle Code quoted above, states in part:

> "* * * [E]very driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway and shall exercise proper precaution upon observing any child upon a roadway."

Plaintiffs' Instruction No. 23 also defines the driver's duty of care:

"Speed must be decreased as may be necessary to avoid colliding with a person on the highway in compliance with legal requirements and the duty of all persons to use due care."

Plaintiffs' Instruction No. 9 states:

"It was the duty of the defendant, before and at the time of the occurrence, to use ordinary care for the safety of the plaintiff."

As part of the instructions tendered to the jury, the court submitted defendant's special interrogatory which asked whether Edward Palausky, Jr., had been contributorily negligent. The jury answered the special interrogatory in the affirmative.

■■ Plaintiffs argue that the trial court erred in submitting defendant's Instruction No. 5 in that it failed to properly define the relationship between the pedestrian's and the driver's duties of care. In essence, plaintiffs' argument is that the driver had an overriding or superceding duty of care notwithstanding the pedestrian's contributory negligence. Counsel for plaintiff cites no authority, nor do we find any, that supports this proposition.

■■ The law is clear that both the pedestrian and the motorist have mutual obligations to exercise due care. The pedestrian who is outside a crosswalk has the specific duty of yielding the right of way to oncoming traffic, while the motorist has the duty to exercise due care in avoiding the pedestrian. (*Zeller v. Durham*, 33 Ill. App. 2d 273, 179 N.E.2d 34 (2d Dist. 1962); *Woolsey v. Rupel*, 13 Ill. App. 2d 48, 140 N.E.2d 855 (4th Dist. 1957).) In light of this mutual obligation, we find no error in the trial court submitting different instructions defining the parties' standards of care. It is the overwhelming authority in this State that jury instructions are to be considered as a whole and read together to determine whether they fairly and accurately state the law. (*Duffy v. Cortesi*, 2 Ill. 2d 511, 119 N.E.2d 241 (1954); *Cole v. Brundage*, 36 Ill. App. 3d 782, 344 N.E.2d 583 (1st Dist. 1976).) In a reading of the various instructions submitted to the jury, we fail to see how plaintiff can reasonably object to defendant's Instruction No. 5 considering his numerous instructions which define a motorist's duty of care. The language which plaintiff asserts was erroneously omitted from defendant's Instruction No. 5 was in fact inserted in plaintiffs' Instruction No. 10. Even if we were to find error in the failure of the trial court to tender one instruction regarding the parties' relative obligations, we note the reluctance of an appellate court to reverse cases based on technical errors in instructions especially where a deficiency in one instrument may be cured in another. *Duffy v. Cortesi*, 2 Ill. 2d 511, 515-16, 119 N.E.2d 241, 244 (1954); *Cole v. Brundage*, 36 Ill. App. 3d 782, 803, 344 N.E.2d 583, 599. (1st Dist. 1976).

■■ In conclusion, we find it curious that plaintiffs challenge the sufficiency of defendant's Instruction No. 5 when the trial court gave them

ample opportunity to submit an instruction containing the same language as found in section 11—1003 of the Illinois Vehicle Code (Ill. Rev. Stat. 1973, ch. 95½, par. 11—1003). While the failure of plaintiffs to tender such an instruction independently supports the trial court's judgment, it is not necessary to our decision. The narrow issue on appeal was whether the jury was properly instructed. We believe it was. Accordingly, the judgment of the Circuit Court of St. Clair County is affirmed.

Affirmed.

EBERSPACHER and JONES, JJ., concur.