OLIVER BURKEE, Plaintiff-Appellant, *v.* MACK CHICAGO CORPORATION *et al.*, Defendants.—(MACK CHICAGO CORPORATION, Defendant-Appellee.)

First District (4th Division)    No. 80-3009

Opinion filed December 17, 1981.

Lucy and Suhar, of Chicago (Richard H. Lucy, of counsel), for appellant.

McKenna, Storer, Rowe, White & Farrug, of Chicago (Shaun McParland, of counsel), for appellee.

JUSTICE JIGANTI delivered the opinion of the court:

On January 14, 1975, the plaintiff, Oliver Burkee, was struck by a truck owned by the defendant, Mack Chicago, and driven by Jack DiLiberti. The jury returned a verdict in favor of the defendant, and in response to a special interrogatory found Burkee contributorily negligent. Judgment was entered on the verdict.

Jack DiLiberti was dead at the time of the trial and Burkee was the only witness to testify. Burkee testified that he parked his car on the south side of 39th Street, one-half block east of Wallace. He then went to a restaurant on the northeast corner of 39th and Wallace. When he left the restaurant, he proceeded east along the north side of the street. Burkee testified that immediately before he stepped into the street, westbound traffic on 39th Street was lined up about a block east from Wallace because it was stopped for the stop light at 39th and Wallace Street. Burkee, at about mid-block on 39th Street, then crossed the two west-bound lanes of traffic between the stopped vehicles and reached the center line. The plaintiff testified that he looked left, that is, to the east, and did not see anything and then he looked to the right and saw no eastbound traffic. He then proceeded into the eastbound lanes when he

was struck from the left by the defendant's westbound vehicle which was traveling in the eastbound lane. It would appear that the truck had pulled into the eastbound lane of traffic in order to reach the left turning lane which is located at the intersection of 39th and Wallace.

In order for the plaintiff to have recovered a verdict in this action, he had to prove that the defendant was negligent, that he was free from contributory negligence, and that the defendant's negligence was a proximate cause of his injuries. Proximate cause is not in issue. The plaintiff makes two manifest weight of the evidence arguments on the issues of the defendant's negligence and the plaintiff's freedom from contributory negligence. Since we believe that the jury's verdict on the issue of contributory negligence was appropriate and this by itself would support the verdict, we will not consider the issue of the defendant's negligence.

On the issue of contributory negligence, the plaintiff contends that it was against the manifest weight of the evidence for the jury to have found him contributorily negligent. The plaintiff argues that he had a right to assume that the truck would not be driven illegally on the street and that he had no duty to yield the right of way to such a vehicle. Burkee cites several cases in support of these contentions.

However, even accepting Burkee's proposition as true, we believe that the issue of contributory negligence is still not resolved in the plaintiff's favor. Burkee had a duty, and the jury was so instructed, to exercise ordinary care for his own safety. (Illlinois Pattern Jury Instruction, Civil, No. 10.02 (2d ed. 1971) (hereinafter cited as IPI Civil).) In considering the plaintiff's duty to exercise ordinary care for his own safety, it was the function of the jury to determine whether the plaintiff did what a reasonably prudent person would do or whether he failed to do what a reasonably careful person would not do under similar circumstances. (IPI Civil No. 10.01.) Using their own experiences in the affairs of life, the jury could reasonably have believed that the plaintiff failed to keep a proper lookout under the circumstances. The circumstances consisted of a plaintiff who did not cross at a marked crosswalk even though such a crosswalk with traffic lights was available to him immediately east of where he chose to cross the street; a plaintiff who crossed through two lanes of heavy traffic in front of two semi-trucks; and a plaintiff who failed to see the defendant's vehicle when he claimed that he looked.

■■ In view of the above circumstances, we believe that the evidence supports the jury's inference and conclusion of fact that the plaintiff was contributorily negligent. (See *Harrison v. Pullens* (1967), 83 Ill. App. 2d 245, 227 N.E.2d 550.) Therefore, unless an opposite conclusion is clearly

evident, and one is not from the evidence here, a jury's verdict should not be disturbed. *Izzo v. Zera* (1965), 57 Ill. App. 2d 263, 205 N.E.2d 644.

The plaintiff's second and final contention on appeal is that it was prejudicial error for the trial court to give defendant's jury instruction, IPI Civil No. 70.03. The plaintiff objected to this instruction at the instruction conference, but did not offer an alternate or amended instruction. The instruction contains two quotes from the Illinois Vehicle Code (Ill. Rev. Stat. 1979, ch. 95½, pars. 11—1003 and 11—1003.1) which stress the reciprocal nature of the duties owed between motorists and pedestrians crossing outside the crosswalk. The instruction also contains language which cautions the jury to consider these statutes in the light of all other facts and circumstances in evidence. The instruction is set out below:

"Any pedestrian crossing a roadway at any point other than within a marked crosswalk * * * shall yield the right-of-way to *all* vehicles upon the roadway.

Not withstanding other provisions of this Chapter or the provisions of any local ordinance, every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian and shall give warning by sounding the horn when necessary * * *.

If you decide that the plaintiff violated the statute on the occasion in question, then you may consider that fact together *with all the other facts and circumstances in evidence* in determining whether or not the plaintiff was contributorily negligent before and at the time of the occurrence." (Emphasis added.)

The plaintiff claims that he was prejudiced by the giving of this instruction because the pedestrian's duty to yield has been modified by judicial construction which renders the duty to yield less than absolute. Therefore according to the plaintiff, this instruction erroneously led the jury to believe that the defendant's truck had an unqualified right-of-way, and the failure of the plaintiff to yield the right-of-way was evidence of negligence.

■■ We do not believe that the plaintiff was prejudiced by this instruction. The instruction is an accurate statement of the statute as it existed at the time of trial. If the plaintiff wished to modify this instruction, then he had to do more than simply object to it at trial; he had to offer an alternate or amended instruction. In *Palausky v. Landers* (1978), 67 Ill. App. 3d 985, 385 N.E.2d 751, the court held that the failure of a plaintiff to tender an alternate instruction independently supports the trial court's judgment. We believe that this reason standing alone would be sufficient to counter plaintiff's argument that he was prejudiced.

■■ In addition, the plaintiff was not prejudiced because the instruction itself was self-curing. The jury could not be left with the erroneous

impression that the plaintiff had an absolute duty to yield because the instruction emphasized the reciprocal nature of the duties owed between motorist and pedestrian and also cautioned the jury only to consider the statutory direction in the light of all other facts and circumstances in evidence. See *Randal v. Deka* (1956), 10 Ill. App. 2d 10, 134 N.E.2d 36; *Albaugh v. Cooley* (1981), 87 Ill. 2d 241, 429 N.E.2d 837.

For the above and foregoing reasons we affirm the judgment of the trial court.

Affirmed.

ROMITI, P. J., and JOHNSON, J., concur.