(No. 38926.—

THEDA SMITH, Appellant, *vs.* THOMAS W. BISHOP, JR., Appellee.

*Opinion filed March 18, 1965.*

John H. Finfrock, and John Alan Appleman, both of Urbana, for appellant.

Busch, Harrington & Porter, of Champaign, for appellee.

Mr. Chief Justice Klingbiel delivered the opinion of the court:

Theda Smith brought suit in the circuit court of Champaign County against Thomas W. Bishop, Jr., for personal injuries sustained in an automobile accident. At the conclusion of the trial the court directed a verdict in favor of

the plaintiff on the issue of contributory negligence. The jury found the defendant guilty of negligence and awarded damages to the plaintiff in the amount of $50,415. On defendant's appeal the Appellate Court reversed and remanded for a new trial on the ground that there was enough evidence of contributory negligence to make it a question for the jury, and that the trial court erred in directing a verdict on that issue. (*Smith* v. *Bishop*, 51 Ill. App. 2d 240, 201 N.E.2d 259). The cause is here for further review on a certificate of importance granted by the Appellate Court.

Plaintiff's injuries were incurred on August 23, 1958, when the car in which she was riding with her husband and their three small children crashed into a milk truck driven by defendant. They had taken their son to a physician in Bloomington for treatment of a foot condition and the accident occurred about 11 A.M. as they were traveling southeast along U.S. Route 150 on their way home. Plaintiff's husband was driving. She was seated in the front seat on the right side, with her 5-month-old daughter on her lap and a 4-year-old daughter between her husband and herself. The boy was in the back seat. As they rounded a curve going about 60 miles per hour she saw a milk truck traveling in the same direction. It was proceeding about 45 miles per hour but slowing down. They started to pass the truck as it eased over a little to the right, but when they were within some 75 feet of it, it turned left in front of them and headed into a farm driveway. She screamed and shouted "Look out!" Her husband pulled to the right but collided with the left rear corner of the truck. He and their two small daughters were killed. The plaintiff and the boy were seriously injured. The evidence shows that the highway was then in the process of being widened. The left lane was eleven feet wide but the right one was only nine feet, with a 6-inch "drop-off" on the edge. The bed of the milk truck was about eight feet wide. It further appears that the truck driver had turned on his left-turn signals as

he rounded the curve, some 600 feet from the farm driveway, and that at least the front ones remained blinking all the way. The rear directional lights were fastened to the chassis under an overhanging truck bed about three feet from the rear of the bed and two feet in from the edge. Plaintiff did not see them. According to the defendant's testimony he looked into his rear-view mirror before he made the turn, and saw a car coming from behind just rounding the curve. He said he did not know there was one close enough to pass him.

In reversing the judgment the Appellate Court thought the plaintiff had a duty to warn her husband of approaching danger, and since she said nothing until it was too late there was enough evidence of negligence on her part to require submission of the question to the jury. The plaintiff argues on this appeal that requiring a passenger to keep a lookout, warn the driver and so on is no longer realistic under modern conditions of automobile traffic, that except under very unusual circumstances the passenger's duty is not to engage in backseat driving but to refrain from interfering with control and operation by the driver, that in the case at bar whatever was visible to Mrs. Smith was also visible to her husband, and that when he started to pass and the danger became apparent she did all that could be expected when she cried out the warning to "Look out."

The rule is elementary that if there is any evidence of contributory negligence on the part of the plaintiff a question of fact is presented which must be left to the jury for determination. Whenever a question remains whether either party had performed his legal duty, or has observed that degree of care required of him by law, and its determination involves a consideration and weighing of the evidence, the question must be submitted as one of fact. But it is also the law that when all the evidence is considered in its aspect most favorable to the other party, together with all reasonable inferences, and it appears therefrom that there is no

evidence from which negligence could reasonably be inferred, it is the trial court's duty to direct a verdict accordingly. And a court of review, in passing upon the propriety of the trial judge's ruling should take into consideration the fact that he saw and heard the witnesses.

Applying these general rules to the undisputed facts in this case we can find nothing from which a duty to warn could reasonably be raised. The particular rule applicable here is that unless the passenger sees an obvious danger which the driver might not see there would be no duty to warn him. (*Hatcher* v. *New York Central Railroad Co.* 17 Ill.2d 587; *Smith* v. *Polukey*, 22 Ill. App. 2d 238.) Plaintiff was holding a baby on her lap, with a 4-year-old child beside her and a young boy in back. Her duty was to take care of the children, not to supervise the operation of the automobile. She was merely a passenger, having no control over the management of the car, and was only required to exercise such care as the exigencies of the situation required. Her testimony is that if a left turn signal was blinking she did not see it, and this testimony was not impeached. The collision occurred in broad daylight, and the truck was clearly visible. That her husband had seen it was evident since he moved into the left lane to pass. Whatever might have been his duty, the plaintiff as a mere passenger was not required to anticipate that the truck, after easing over to the right, would then turn left in front of them. Not observing any signal, she had the right to presume that the truck driver had seen them and that his movement toward the right was to enable them to pass. In crying out when the truck did turn left she did all that a person of ordinary prudence would have done under the circumstances. She was occupied at least in part with the care of the children, and there was nothing which she saw or could be required to see that was not visible to her husband, who was doing the driving.

Defendant contends the court erred in refusing an in-

struction based on a theory of joint enterprise by the plaintiff and her husband. It is contended that the jury could find them to be acting as each other's agent or engaged in a joint enterprise in taking their son to the doctor, and that if it was so found then any negligence of the driver would be imputed to the plaintiff as well. Reliance is placed on *Grubb* v. *Illinois Terminal Co.* 366 Ill. 330.

We cannot accept the argument. The rule applied in the *Grubb* case states that where an automobile is used as part of a common business enterprise, and the occupants are mutually interested in the trip itself as a part of such enterprise, each is responsible for the manner in which the car is operated. There is no evidence of any business enterprise in the case at bar, nor do we see any reason that would justify extending the doctrine of the *Grubb* case to the present factual situation.

There is likewise no merit in the defendant's contention that the verdict is against the manifest weight of the evidence. There was obviously sufficient evidence of negligent conduct on his part to support the verdict, and no purpose would be served by discussing at greater length this aspect of the case.

Defendant also argues that the trial court erred in refusing to instruct the jury on the plaintiff's duty to use ordinary care for her own safety, and on the meaning of contributory negligence. This argument must also be rejected. Such instructions are not proper where there is no testimony or other evidence from which a finding of contributory negligence might be made. The facts in a case of this nature are often complicated, and it is important that no issue which is not supported by evidence be brought into it. To do so may confuse the jury and tend to cloud other issues properly before it.

We conclude that the circuit court ruled properly in finding the plaintiff free of negligence as a matter of law and in submitting the question of defendant's negligence to

the jury for determination as a factual one. The judgment of the Appellate Court is reversed and the judgment of the circuit court of Champaign County is affirmed.

*Appellate Court reversed;*
*circuit court affirmed.*