(No. 49574.-

GEORGE FELTY, Appellant, v. NEW BERLIN TRANSIT, INC., *et al.*—(General Telephone Company of Illinois, Appellee.)

*Opinion filed March 23, 1978.*

Harris & Lambert, of Marion, for appellant.

Charles R. Jelliffe, of Jelliffe & Ferrell, of Harrisburg, for appellee.

MR. JUSTICE UNDERWOOD delivered the opinion of the court:

Plaintiff, a journeyman lineman, sustained personal injury when he fell from a large, oil circuit breaker as it struck an overhanging cable during transport through the city of Metropolis. He brought this action in the circuit court of Williamson County to recover damages which resulted from this injury. The jury returned a verdict of $950,000 against four defendants involved in the transport

of the circuit breaker and against appellee, General Telephone Company, who owned and maintained the cable. General Telephone appealed the judgment on the verdict, and the appellate court reversed (47 Ill. App. 3d 427), finding that the telephone company's conduct was not the proximate cause of plaintiff's injury, but that it merely created a condition which resulted in the accident only by reason of subsequent, independent, and unforeseeable acts of the other defendants. We granted leave to appeal and now reverse and remand to the appellate court.

Plaintiff was hired to ride atop large, oil circuit breakers as they were being transported from Joppa to a Renshaw substation. The circuit breakers, which weighed nine tons each and were 16 feet 2½ inches high, were anchored on a low-boy truck bed estimated to be 18 to 22 inches in height without the circuit breakers and 1 to 2 inches lower when they were loaded on it. Plaintiff's job was to clear tree limbs, power lines and telephone cable where necessary, by lifting them over the circuit breaker being transported. As the large equipment slowly moved along, a spotter drove ahead of the truck and located the various obstructions, calling them to the attention of the truck driver. In addition, the driver kept a lookout for such obstacles, as did plaintiff, who had worked out a set of signals with the driver so that he could indicate to the driver when he should slow down and stop. About one month prior to moving the equipment, an employee of the transport companies traveled the route measuring the overhead wires by means of a 12-foot pole placed atop his 6-foot-1-inch frame. He testified that he remembered clearing the cable in question.

Prior to the accident, the same truck and driver had transported two identical circuit breakers under the cable in question without incident. Plaintiff testified that the spotter observed the cable and flagged the truck to a stop, whereupon he lifted the cables slightly and the truck eased

under them. Another witness testified that the circuit breaker cleared this telephone cable on the first two trips without raising it. The first trip occurred in the evening prior to the day of the accident; the next took place in the morning of the same day the accident occurred.

The third trip occurred in the early afternoon of July 12, 1972. There was testimony that during all three trips the weather was hot and that heat will cause a suspended cable to sag. During this third trip, the truck reached a point one-half to one block south of the telephone cable, at which time the spotter stopped the truck. He then left to locate a second truck. The truck driver proceeded but did not observe the cable and did not slow his pace of 2 to 10 miles per hour. Plaintiff saw the cable and unsuccessfully signaled and yelled for a stop. The cable caught the top of a bushing on the circuit breaker at a point about one inch from the tip. The cable snapped, and, as a result, plaintiff was thrown to the ground, where he sustained serious injury.

Plaintiff alleged that General Telephone was negligent in allowing the cable to extend across a road at a height of less than 18 feet, the minimum height permissible under Illinois Commerce Commission regulations. The appellate court found sufficient evidence to support a jury finding of negligence on the part of the telephone company, but held that such negligence was not the proximate cause of the injury. Rather, "it was the negligent inattention of the driver of the truck transporting the circuit breakers, the absence of the spotters or lookouts, or the concurrence of both that was the immediate cause of plaintiff's injuries." 47 Ill. App. 3d 427, 430.

The appellate court relied on *Merlo v. Public Service Co.* (1942), 381 Ill. 300. In that case, defendant permitted an improperly insulated electric distribution line to sag over the parkway between the sidewalk and the curb. Plaintiffs' decedents were electrocuted when a crane came

into contact with the distribution line. The court there held that the intervening act of the crane operator relieved the defendant of liability even though it was negligent. The *Merlo* opinion recognized that proximate cause is ordinarily a question of fact, but applied a pre-*Pedrick* jury verdict review standard to find no proximate causation as a matter of law:

> "[I]t can only be a question of law when the facts are not only undisputed but are also such that there can be no difference in the judgment of reasonable men as to the inferences to be drawn from them. [Citation.] Manifestly and undoubtedly, neither the lack of insulation nor the sagging wires did anything more than furnish a condition, and the intervening, independent act of the crane operator was the efficient and proximate cause of the fatal injuries to decedents." 381 Ill. 300, 318.

In subsequent cases this court has repeatedly stated that the question of proximate cause is ordinarily a question for the jury. (*Neering v. Illinois Central R.R. Co.* (1943), 383 Ill. 366, 381; *Ney v. Yellow Cab Co.* (1954), 2 Ill. 2d 74, 84; *Ray v. Cock Robin, Inc.* (1974), 57 Ill. 2d 19, 23.) In the recent case of *Davis v. Marathon Oil Co.* (1976), 64 Ill. 2d 380, the court recognized the causation principles of *Merlo,* stressing the significance of the factual situation in each case. It was stated:

> "Defendant has cited cases in which a defendant's negligent conduct was determined as a matter of law not to have proximately caused the resulting injuries. (*Merlo v. Public Service Co.* (1942), 381 Ill. 300; *Watson v. Byerly Aviation, Inc.* (3d Dist. 1972), 7 Ill. App. 3d 662; *Waters v. Futuristic Homes, Inc.* (1st Dist. 1971), 131 Ill. App. 2d 143.) We emphasize, however, that each case must turn on its own facts. Defendant remains liable for its negligence if the intervening

event was foreseeable. Moreover, to escape liability, defendant must demonstrate that the intervening event was unforeseeable as a matter of law. This we cannot conclude. Proximate cause is ordinarily a question for the jury to decide." (64 Ill. 2d 380, 395.)

In the case before us, the crucial issue is whether the negligence of the four defendants who transported the circuit breaker was foreseeable. A foreseeable intervening force does not break the chain of legal causation. Here, the cable hung over the public road, unlike the wire in *Merlo,* which was suspended over an ordinarily untraveled area, the parkway. The jury, if properly instructed, a question we do not here decide, may well have felt that if a cable was negligently placed below the minimum height over a roadway, as some of the testimony here indicated to be the case, it was foreseeable that someone, although it might involve negligence on his part, would run into it. It is not necessary, of course, that the precise nature of the intervening cause be foreseen. (*Neering v. Illinois Central R.R. Co.* (1943), 383 Ill. 366, 380; *Lewis v. Stran Steel* (1974), 57 Ill. 2d 94, 101.) We cannot conclude that all the evidence, when viewed in its aspect most favorable to the plaintiff, so overwhelmingly favors defendant that no contrary verdict based on that evidence could ever stand. *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494.

The appellate court did not reach several serious questions raised by General Telephone, since its decision on proximate causation made ruling on the other issues unnecessary. We accordingly reverse the judgment of the appellate court and remand the cause to that court for consideration of those issues.

*Reversed and remanded.*