Gloria Kopet AXELSON, as Trustee for the Heirs of Patricia Kopet, Decedent, Appellant,

v.

David WILLIAMSON, Respondent.

No. 81–1278.

Supreme Court of Minnesota.

Sept. 17, 1982.

---

Hoversten, Strom, Johnson & Rysavy, Austin, for appellant.

Alderson, Ondov, Leonard & Sween, Richardson & Richardson, Austin, for respondent.

AMDAHL, Chief Justice.

This is a wrongful death action brought by the trustee for the heirs of the decedent. On November 20, 1977, plaintiff's decedent, Patricia Kopet, a 15-year-old girl, was killed in a one-car accident in Mower County. David Williamson, the defendant and owner of the automobile involved in the accident, permitted Kopet to drive, and while driving she lost control of the car and crashed, suffering the severe injuries that resulted in her death. Appellant contended at trial that Williamson was negligent in entrusting the operation of his vehicle to Kopet. Following trial the jury found that both Williamson and Kopet were negligent, but that Williamson's negligence was not the proximate cause of Kopet's injuries.

The trial judge denied appellant's alternative motions for a new trial or a judgment notwithstanding the verdict. The motions were based on appellant's contention that the answers to the special verdict were logically inconsistent. Appellant appeals from the denial of her motions.

It is uncontroverted that on November 20, 1977, Patricia Kopet, the appellant's decedent, was permitted by David Williamson, the respondent, to drive his Datsun 240Z automobile, and that while driving Kopet lost control of the car, crashed, and was killed. Brenda Cooklin, a passenger in the car at the time of the accident, testified that respondent asked Kopet if she had a driver's license or a learner's permit, and she responded that she had neither. Despite her admissions Williamson allowed her to drive while Williamson sat in the front seat and Cooklin sat in back. Shortly after she had begun driving the vehicle, the decedent lost control. Williamson testified that he thought Kopet was driving properly, but

when he bent forward in his seat to pick up a cigarette she swerved into the ditch.

The appellant made a number of allegations in her complaint concerning the respondent's negligence, including:

(1) that respondent negligently allowed the decedent to drive his motor vehicle while the respondent knew or reasonably should have been expected to know that the decedent was not a licensed driver and was underage;

(2) that respondent knew or should have known that decedent was inexperienced in the handling of automobiles;

(3) that the automobile involved in the accident was dangerous and unsafe under the conditions which existed at the time and place of the accident.[1]

Following trial, the jury was supplied with the following instruction:

The act of allowing the driving of an automobile knowing the driver to be inexperienced or incompetent is negligence and such negligence becomes the proximate cause of injury when it combines with a negligent act of the driver causing the damage.

The jury was also supplied with a special verdict consisting of six interrogatories, and made the following findings:

1. State whether or not the defendant was negligent at the time and place in question.

Answer: Yes.

2. If the answer to # 1 is No, do not answer this question. If the answer to # 1 is Yes, then answer this question: Was the Defendant's negligence a proximate cause of Plaintiff's injury?

Answer: No.

3. State whether or not Patricia Kopet was negligent at the time and place in question.

Answer: Yes.

4. If answer to # 3 is No, do not answer this question. If the answer to # 3 is Yes, then answer this question: Was Patricia Kopet's negligence a proximate cause of her own death?

Answer: Yes.

Interrogatory # 5 concerned the apportionment of negligence. The Jury did not respond to this interrogatory as they had been instructed that they were not required to answer it unless they had submitted a Yes answer to all questions cited above.

6. State the total amount of damages suffered by the Plaintiff.

Answer: $55,000.00.

Appellant contends that the response to question # 2 is patently inconsistent with the responses to questions # 1 and # 3, given the law of the case as set out in the instruction listed above. The issue presented, therefore, by this appeal is whether the jury's special verdict is logically inconsistent as well as in violation of the law of the case.

It is the appellant's position that the trial court properly instructed the jury that the negligence of the defendant owner in entrusting his automobile to an inexperienced driver combines with the negligent acts of that driver to become the proximate cause of an ensuing accident. Appellant further contends that given such an instruction, proximate cause must follow *ipso facto,* from a finding of negligence by both the entruster and the entrustee.

The first question concerns the appropriateness of the proximate cause instruction given by the trial judge. Generally, the tort of negligent entrustment as it applies to the entrustment of a chattel to an incompetent or inexperienced person is described in Restatement (Second) of Torts § 390 (1977):

[1] It appears that appellant contended at trial that the wind and the high performance characteristics of the 240Z Datsun made it particularly dangerous to permit Patricia Kopet to drive. Respondent describes this contention as an alternative theory of negligence, while appellant believes this is only a part of her negligent entrustment claim. Appellant tried to submit additional theories of liability to the jury, but was only permitted a negligent entrustment instruction.

One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them.

comment c to section 390 reminds the reader that negligence in entrusting a chattel to someone who is incompetent creates only the potential for liability on the part of the supplier. In order for liability to attach the supplier must be found to be the "legal cause of the bodily harm complained of", *id.,* Comment c, by the injured person.

■ The instruction given by the trial court appears to have been drawn from the discussion of proximate cause contained in the Iowa case of *Hardwick v. Bublitz,* 254 Iowa 1253, 119 N.W.2d 886 (1963). In *Hardwick,* a negligent entrustment case involving a third-party claim, the Iowa court said:

When defendants permitted Dean [a 15 year old] to drive knowing he did not have a license, they were negligent, a foreseeable result of this negligence was that Dean would drive negligently. [sic] The act of the parents continued to the time Dean was negligent and combined with it causing the injury.

As to the common law specification of permitting an inexperienced and incompetent driver to drive, proximate cause is the same. The act of allowing the driving knowing the driver to be inexperienced or incompetent is negligence. It becomes a proximate cause when it combines with negligent acts of the driver causing the damage.

119 N.W.2d at 893. *Hardwick* enunciates the general rule that in order for liability to attach to the negligent entruster, the entruster's negligence must be accompanied by negligence on the part of the entrustee. *See* Annot., 168 A.L.R. 1364, 1365, 1369 (1947). The trial court's instruction on proximate cause in this case appears, therefore, to have been in keeping with the accepted law on negligent entrustment.

Assuming the instruction was correct, we are next obliged to review the jury's findings to determine whether the verdicts are consistent under any theory. *See Nihart v. Kruger,* 291 Minn. 273, 276, 190 N.W.2d 776, 778 (1971). Respondent contends that appellant argued multiple theories of liability, any of which could have formed the basis of the jury finding of negligence. Appellant counters that her proof and the court's instructions were only directed to Williamson's negligence in allowing Patricia Kopet to drive his car.[2]

■ Despite the constraints imposed by the absence of a full trial transcript, we believe it is possible to conclude that there is no theory under which the jury's verdicts can be reconciled. In *Reese v. Henke,* 277 Minn. 151, 156, 152 N.W.2d 63, 67 (1967), this court stated: "Nevertheless, where a jury has found negligence, it becomes our duty to hold as a matter of law that such negligence was a proximate cause of the injury where, in our opinion, reasonable men can come to no other conclusion."

Any possible break in the causal chain between respondent's and appellant's decedent's negligence must arise from an intervening, superseding cause.[3] There is no indication in the record that anything other than decedent's lack of skill caused the car to leave the road and crash. Respondent was found negligent, presumably, because he entrusted the operation of his car to a

---

**2.** Respondent did not describe any of the alternative theories of liability that appellant is alleged to have presented. We agree with appellant that the evidence introduced concerning the high performance character of the car and the weather conditions all relate to respondent's negligence in entrusting such a car to an inexperienced driver under such conditions.

**3.** A superseding cause instruction was given to the jury, but the instruction was somewhat unclear and does not follow that suggested in the Minnesota Practice, Jury Instruction Guide, JIG II, 142 G–S at 117.

person whom he could have foreseen would operate that car in a negligent manner. Consequently, in the absence of some showing of an intervening, superseding cause such as an exploding tire, respondent's negligence in allowing appellant's decedent to drive combined with her negligence in operation of the vehicle to cause decedent's death. Irrespective of respondent's insistence in his brief that the jury must, somehow, have concluded there was no combination of the negligence of the entruster and entrustee, or that the jury could have found a superseding cause, respondent cites no facts that would support either conclusion by the jury. Respondent should not be allowed to hide behind the excuse of appellant's failure to produce a full transcript to justify this omission. Respondent could have produced the necessary material on his own, or relied on the allegations in the pleadings. Our reading of the pleadings does not disclose any allegations that might break the causal chain of respondent's negligence. As appellant points out in her brief, even if the wind conditions or the high performance character of the car affected decedent's operation of the car—adjudged to be negligent in any case—respondent's permitting of the decedent to operate the car despite his actual knowledge of, or duty to know of these factors was part and parcel of his negligent entrustment.

We therefore reverse the trial judge's refusal to grant a new trial. Judgment notwithstanding the verdict is not appropriate because the jury made no comparative fault finding, and appellant's decedent's contributory fault may reduce or even eliminate her recovery. On remand there is no reason to retry the damages question; consequently, the jury's finding of $55,000 damages suffered by the appellant may stand.

KELLEY and COYNE, JJ., took no part in the consideration or decision of this case.