MARILYN PARVIN, Plaintiff-Appellee, v. JAMES G. SILL *et al.*, Defendants-Appellants.

Fifth District No. 5—84—0758

Opinion filed August 30, 1985.

Dunham, Boman & Leskera, of East St. Louis (Pamela A. Klekner, W. Michael Gnavi, Jr., and Robert D. Francis, of counsel), for appellants.

Michael J. Reagan, of Kassly, Bone, Becker, Dix & Tillery, P.C., of Belleville, for appellee.

JUSTICE WELCH delivered the opinion of the court:

James Sill and Heartland Enterprises, Inc., defendants, appeal from a judgment entered by the circuit court of St. Clair County on a jury verdict of $225,400 in favor of plaintiff Marilyn Parvin. The operative facts arise out of an automobile accident. There is no cross-appeal. We reverse and remand for a new trial.

Parvin testified at trial as follows: She was driving to work on the morning of January 31, 1980, in her 1973 Ford Pinto. Because the road was icy in patches, she drove at 10 to 15 miles per hour. As she approached an icy spot, she very gently touched her brake pedal. The Pinto slid right and turned so that it stopped entirely in its proper lane of travel but facing the opposite direction. The vehicle behind her stopped about 2 to 4 feet from Parvin's car. Between 10 and 15 seconds later, as Parvin was about to turn the Pinto, a third car (Sill's struck the second, pushing it against Parvin's and resulting in the injuries complained of.

Harry Cook, the driver of the second car, testified at trial as follows: The road was "very icy." He and Parvin were driving at about 20 miles per hour. He saw the Pinto "fishtailing just a little bit" shortly before it turned around. After Cook stopped and prepared to exit his car to help Parvin, he saw Sill's car come over the crest of a hill about 200 feet behind him. Sill was driving 30 to 35 miles per hour, too fast for the conditions in Cook's opinion. Sill's car began sliding to the right after it came over the hill; it skidded about half the distance between the crest of the hill and the point of impact, then "came back to the side of the road" and "was still coming pretty fast" when it struck Cook's car.

Sill testified at trial: He was traveling about 30 miles per hour and following Cook's car by three to four car lengths, not 200 feet. He saw Parvin's car fishtailing prior to the collision. Plaintiff was traveling about 20 miles per hour, a safe speed under the circumstances.

The trial court directed a verdict for Parvin on the issue of her contributory negligence. Sill and his employer, Heartland, contend that this was error. We agree. When the evidence and the reasonable inferences from it are considered in their aspect most favorable to the defendants, and it appears therefrom that there is no evidence from which the plaintiff's contributory negligence could be inferred, it is the trial court's duty to direct a verdict for the plaintiff on the issue of contributory negligence. Moreover, a court of review passing on the

ruling of the trial court should consider that the trial court saw and heard the witnesses. However, if a question remains whether the plaintiff has performed his legal duty, or has observed the degree of care required of him by law, the question must be submitted as one of fact. (*Smith v. Bishop* (1965), 32 Ill. 2d 380, 383-84, 205 N.E.2d 461, 463.) Here the evidence regarding Parvin's exercise of due care or failure thereof was at least capable of supporting different inferences. That Parvin was aware of the hazard posed by the condition of the pavement was shown by her admission to that effect as well as the speed at which she was traveling. Cook and Sill were in agreement that Parvin had lost control of the vehicle prior to the maneuver which led to the Pinto turning around. There was no indication in the testimony of Cook or Sill that Parvin slowed down after "fishtailing," and Parvin, who did not admit the "fishtailing," obviously could not testify that after fishtailing she slowed down. Thus a substantial question of fact exists as to whether Parvin was guilty of negligence in her operation of the Pinto, which negligence was a proximate cause of the spin which left her in a vulnerable position at the bottom of a hill in an icy lane of traffic. On this record we are compelled to conclude that the issue of Parvin's contributory negligence was a question of fact for the jury. Accordingly, the judgment must be reversed and the cause remanded for a new trial.

■ Parenthetically, the foregoing discussion suggests that the crux of Parvin's position at trial regarding her contributory negligence was that she was not negligent. However, Parvin's position at trial was that her negligence, if any, was not the proximate cause of the occurrence, and the proximate cause issue was the basis of the trial court's directing a verdict for Parvin as to her contributory negligence. Our supreme court has repeatedly stated that the question of proximate cause is ordinarily a question for the jury:

> "We emphasize, however, that each case must turn on its own facts. Defendant remains liable for its negligence if the intervening event was foreseeable. Moreover, to escape liability, defendant must demonstrate that the intervening event was unforeseeable as a matter of law. This we cannot conclude. Proximate cause is ordinarily a question for the jury to decide." (*Davis v. Marathon Oil Co.* (1976), 64 Ill. 2d 380, 395, 356 N.E.2d 93, 100.)

A foreseeable intervening cause does not break the chain of legal causation. It is not necessary that the precise nature of the intervening cause be foreseen. (*Felty v. New Berlin Transit, Inc.* (1978), 71 Ill. 2d 126, 131, 374 N.E.2d 203, 205.) There may be more than one proxi-

mate cause of an injury. (*Bentley v. Saunemin Township* (1980), 83 Ill. 2d 10, 17, 413 N.E.2d 1242, 1246.) The intervention of a new, independent intervening cause does not necessarily relieve one of responsibility for a negligent act when the intervening cause of an injury is of such a nature as could reasonably have been anticipated. (*Lemings v. Collinsville School District No. 10* (1983), 118 Ill. App. 3d 363, 367, 454 N.E.2d 1139, 1141.) We cannot conclude as a matter of law that the likelihood that a following driver would not exercise sufficient care to avoid a collision involving Parvin was so slight that it was unforeseeable as a matter of law. Accordingly, the issue of whether Sill's negligence was the sole proximate cause of Parvin's injuries to the exclusion of her own negligence if any is for the jury to consider on remand.

*Anderson v. Jones* (1966), 66 Ill. App. 2d 407, 213 N.E.2d 627, cited by Parvin, is useful for comparison but does not require a contrary result. There, after an accident had blocked both westbound lanes of a highway, the plaintiff's car was stopped behind a line of cars which could not get through when it was struck by another car whose driver was obviously negligent in having failed to observe the stopped traffic. The issue on appeal was whether the plaintiff was entitled to recover against the driver whose negligence caused the initial blockage of the highway. The appellate court concluded that the latter driver's negligence was not the proximate cause of the plaintiff's injury. However, the difference in time frame between that case and the case at bar is critical. In *Anderson v. Jones* it was apparent that the driver whose car struck the plaintiff's could have stopped had he observed the stopped traffic before him. Such a conclusion is not obvious on the instant record. Here, the jury could have believed Sill's testimony that he was following Cook by no more than four car lengths, and that this was so short a distance that Sill could not have prevented the collision once Parvin lost control of her car.

■ While our conclusion that this cause must be remanded obviates the need to decide certain other issues raised by Sill and Heartland, observations on some issues which may arise on retrial are in order. The issues raised regarding the "last minute" filing of a count alleging Heartland's wilful and wanton entrustment of an automobile to Sill should not arise on remand. The same is true of issues regarding proof of Sill's prior speeding tickets, of the trial court's denial of defendants' motion for continuance, and of the trial court's excusal of two jurors for cause.

■■ ■ Sill and Heartland argue that it was error to instruct the jury that an aggravation of a preexisting ailment or condition is a separate element of compensable damages. (See Illinois Pattern Jury In-

struction (IPI), Civil, No. 30.03 (2d ed. 1971).) It is well settled, however, that a tortfeasor is liable for injuries he causes, even when those injuries consist of the aggravation of a preexisting condition. (*Balestri v. Terminal Freight Cooperative Association* (1979), 76 Ill. 2d 451, 455, 394 N.E.2d 391, 393, *cert. denied* (1980), 444 U.S. 1018, 62 L. Ed. 2d 648, 100 S. Ct. 671.) *Powers v. Illinois Central Gulf R.R. Co.* (1982), 91 Ill. 2d 375, 438 N.E.2d 152, cited by Sill and Heartland, does not stand for a contrary proposition, as the propriety of the IPI instruction concerning aggravation of a preexisting condition was not at issue there. Defendants also contend that the court erroneously gave an instruction that the nature, extent and duration of Parvin's injuries were to be considered as a separate element of damages. We perceive this to be a strained construction of the instructions given; the jury was instructed only to consider those factors in determining damages generally. "We do not hold that a jury may never be instructed to consider the nature, extent and duration of the plaintiff's injury but simply that a jury should not be instructed to consider it as a separate and compensable element of damage ***." *Powers v. Illinois Central Gulf R.R. Co.* (1982), 91 Ill. 2d 375, 384, 438 N.E.2d 152, 156.

 The remaining issues raised by Sill and Heartland do not require extended discussion. We cannot say that the court abused its discretion in not allowing defendants to question Parvin's medical expert about a report prepared by the expert's medical partner, as limitation of cross-examination of a medical expert rests within the sound discretion of the trial court. (*Sears v. Rutishauser* (1984), 102 Ill. 2d 402, 407-08, 466 N.E.2d 210, 213.) That Parvin's expert was a radiologist did not render his testimony regarding Parvin's need for, and the cost of, back surgery inadmissible, particularly as the witness worked as a consultant to back specialists. (See *Skaug v. Johnson* (1975), 29 Ill. App. 2d 238, 242, 330 N.E.2d 265, 268 (allowing specialist in internal medicine to testify regarding hearing loss was not improper).) Parvin's testimony that she was having epigastric complaints due to her back medicine was not rendered upon "a scientific question that must be determined by professional men, skilled in the practice of medicine ***." (*American Smelting & Refining Co. v. Industrial Com.* (1933), 353 Ill. 324, 329, 187 N.E. 495, 497.) Testimony by Cook as to whether Sill's speed was too fast should not have been given (*Delany v. Badame* (1971), 49 Ill. 2d 168, 178, 274 N.E.2d 353, 358), and we trust that that testimony will not be elicited on retrial.

For the foregoing reasons, the judgment of the circuit court of St. Clair County is reversed, and the cause remanded for a new trial at which the issue of Parvin's contributory negligence shall be submitted

to the jury.

Reversed and remanded.

KARNS, J., concurring.

JUSTICE HARRISON, dissenting:

I cannot agree that the court erred in directing a verdict for plaintiff on the issue of her contributory negligence. Our supreme court has recognized that, where the evidence and the reasonable inferences from it are considered in their aspect most favorable to defendants, and it appears therefrom that there is no evidence from which a plaintiff's contributory negligence could be inferred, it is the trial court's duty to direct a verdict for the plaintiff on the contributory negligence issue. Moreover, a court of review passing on the trial judge's ruling should take into consideration the fact that the trial judge saw and heard the witnesses. (*Smith v. Bishop* (1965), 32 Ill. 2d 380, 383-84, 205 N.E.2d 461.) Analysis of the record here reveals that the trial court did not, under the unique facts presented, err in directing a verdict on the contributory negligence issue. While plaintiff's car turned around on the icy road, the record is devoid of any evidence tending to establish that this event was caused by negligence on the part of plaintiff. Contrary to the majority's statement that there is no evidence that Parvin slowed down after "fishtailing," there is absolutely nothing of record which contradicts plaintiff's testimony to the effect that the road was icy, that she in fact touched her brake lightly in an effort to slow down a bit more, and that the turning of her vehicle was sudden and unforeseeable. Moreover, defendant Sill testified that plaintiff was driving at a safe speed under the circumstances. Additional uncontradicted evidence establishes that plaintiff's car did not hit anything when it turned around, that it stopped in its own lane of traffic, and that Cook, who was closer to plaintiff's vehicle than was Sill, was able to stop his vehicle without hitting plaintiff's. The question of a plaintiff's contributory negligence may, under appropriate circumstances, be decided as a matter of law (*Pearson v. Ford Motor Co.* (1975), 32 Ill. App. 3d 188, 192, 336 N.E.2d 528), and the trial court's action in directing a verdict on that issue here is fully supported by the record. Since my review of the record persuades me that defendants' remaining contentions are also without merit, I would affirm the judgment in its entirety.