DAVID KING, Adm'r of the Estate of Tammy King, Deceased, Plaintiff-Appellant, v. KAREN SUE PETEFISH, Defendant-Appellee.

Fourth District   No. 4—88—0705

Opinion filed July 18, 1989.

McCULLOUGH, P.J., dissenting.

Steven C. Ward and Randall A. Mead , both of Heckenkamp, Simhauser

& Drake, P.C., of Springfield, for appellant.

Deborah L. Rose and Robert E. Gillespie, both of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Springfield, for appellee.

JUSTICE KNECHT delivered the opinion of the court:

Plaintiff David King, administrator of the estate of Tammy King, appeals a final summary judgment by the circuit court of Cass County. Judgment was entered in favor of defendant Susan Petefish in a tort action based on the theory of her negligent entrustment of an automobile to plaintiff's decedent Tammy King. In her motion for summary judgment, defendant argued that historically Illinois has allowed recovery under the theory of negligent entrustment only to third persons who have been injured by a negligent entrustee and sue the entrustor for those injuries. Again on appeal defendant asserts Illinois does not recognize a cause of action by the entrustee against the entrustor. Regardless, defendant maintains plaintiff's claim was self-defeating because the negligence of his decedent was the proximate cause of her own injuries and subsequent death. Plaintiff urges he is entitled to a comparative negligence trial. Both parties acknowledge this is a case of first impression. We are not aware of an Illinois decision in which the doctrine of negligent entrustment was applied to a case where the suing party was the entrustee.

The pleadings and depositions on file in this case reveal the following facts. Early in the evening of October 1, 1983, the decedent, Tammy King (Tammy), went to the home of the defendant, Susan Petefish (Susan), armed with two bottles of wine, which belonged to her adult sister. Tammy and Susan shared the wine before Susan drove them, in a car belonging to her mother, to a party in rural Ashland, Illinois. Susan could not recall how much wine each girl drank, but remembered Tammy took the last drink from a bottle on the way to the party.

On the night in question, Susan was 16 years old and a licensed driver. Susan indicated she did not know Tammy's age, her birthdate, or whether she was a licensed driver. In fact, Tammy was 15 years old and unlicensed. The girls had known each other since grade school, but did not become close friends until their junior year of high school. Their class contained approximately 24 students.

The girls went separate ways upon arriving at the party, which was large, outdoors and, for the most part, attended by local teenagers. After an unknown period of time, Tammy and Karen Schmidt, also age 15 and unlicensed, approached Susan and asked to borrow

her car. Schmidt testified it was Tammy who obtained the keys from Susan and drove the car from the party. Susan did not remember which girl took the car keys, nor did she notice whether the girls appeared intoxicated.

According to Schmidt's deposition testimony, Tammy drove from the party to town, where Schmidt then took the wheel. Schmidt indicated Tammy had no difficulty driving as they left the party; however, she denied telling an insurance adjuster that the girls switched drivers because Tammy "wasn't in good shape, she had been drinking." Just prior to the accident, Tammy accelerated to what Schmidt estimated was 60 miles per hour. Further details are unknown because the accident occurred while Schmidt was turned to retrieve a hairbrush from the backseat. Tammy was apparently thrown from the car when it flipped over once in the ditch. Schmidt was not hurt.

Two empty wine bottles were retrieved from the wreckage. Tammy died four days later from a severe head injury. Her blood-alcohol level was measured at 0.11.

■ A motion for summary judgment should be granted only "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005(c); see also *Purtill v. Hess* (1986), 111 Ill. 2d 229, 489 N.E.2d 867.) Summary judgment is a drastic method of disposing of litigation and should be allowed only where the evidence, when construed strictly against the movant and liberally in favor of the opponent, establishes the right of the moving party is free and clear from doubt. (*Purtill*, 111 Ill. 2d at 240, 489 N.E.2d at 871; *Beals v. Huffman* (1986), 146 Ill. App. 3d 30, 496 N.E.2d 281; *Handley v. Unarco Industries, Inc.* (1984), 124 Ill. App. 3d 56, 463 N.E.2d 1011.) A genuine issue of material fact exists and summary judgment is inappropriate if a reasonable man could draw different inferences from the facts presented. (*Williams v. Alfred N. Koplin & Co.* (1983), 114 Ill. App. 3d 482, 448 N.E.2d 1042.) An order allowing summary judgment will be reversed on appeal if the reviewing court determines that a genuine issue of material fact exists. *Addison v. Whittenberg* (1988), 124 Ill. 2d 287, 529 N.E.2d 552.

The trial court allowed summary judgment in this case after viewing the facts as follows: Susan, age 16, loaned her mother's car to Tammy, age 15, knowing Tammy was unlicensed to drive and intoxicated. From the deposition of Tammy's passenger, Karen Schmidt, the trial court concluded Tammy drove the vehicle in a negligent man-

ner, which resulted in a one-car accident and Tammy's death. The trial court held:

> "The evidence shows clearly that it was the negligence of the decedent which was the proximate cause of her injury and death. ***

> * * *

> Illinois does not presently recognize a cause of action by a bailee for negligent entrustment against a bailor. This court also agrees that if the plaintiff can recover for negligent entrustment, her claim is self-defeating as a matter of law since the depositions show deceased was more than 50 percent responsible for her own injuries."

Plaintiff filed a motion to reconsider on the grounds the trial court erroneously applied the modified form of comparative negligence law (Ill. Rev. Stat. 1987, ch. 110, par. 2—1116), rather than the law in effect at the time of Tammy's death, which was the pure form as enunciated in *Alvis v. Ribar* (1981), 85 Ill. 2d 1, 421 N.E.2d 886. In a subsequent order, the trial court admitted it mistakenly applied the law as though Tammy's 50% responsibility for her injuries would bar her recovery; however, it adhered to the original order. The court remained concerned about the proximate cause issue. It stated:

> "How would the fact finder compare the negligence of the entrustor with that of the entrustee and how would a jury determine the issue of proximate cause? One argument might be if the entrustment had not been made, no accident would have occurred. The other argument [is] that if the vehicle had not been driven in a negligent manner, the entrustment would have been of no consequence. This court is of the opinion you cannot program cause and effect into such a process and expect a jury to make that type of decision."

The only question presented is the correctness of the trial court's award of summary judgment to defendant. To answer this question, we must decide whether to recognize a cause of action for negligent entrustment by the entrustee against the entrustor and allow a jury to weigh the relative fault of each under the doctrine of comparative negligence.

As we noted almost a decade ago in *State Farm Fire & Casualty Co. v. McGlawn* (1980), 84 Ill. App. 3d 107, 110, 404 N.E.2d 1122, 1124, "Illinois has long recognized the tort of negligent entrustment. (*Bensman v. Reed* (1939), 299 Ill. App. 531, 20 N.E.2d 910; *Rosenberg v. Packerland Packing Co.* (1977), 55 Ill. App. 3d 959, 370 N.E.2d 1235; *Giers v. Anten* (1978), 68 Ill. App. 3d 535, 386 N.E.2d 82.)." In

*Bensman*, the plaintiff was injured when an automobile driven by defendant's son turned in front of and collided with a motorcycle on which plaintiff was riding as a guest. Plaintiff complained the defendant-automobile owner negligently entrusted the vehicle with his son while knowing the young man had defective vision, which rendered him an incompetent driver. The court discussed the relevant law as follows:

> "If an incompetent or reckless driver while driving the automobile of another for his own purposes commits an act that causes the automobile to damage another, the action or movement or the failure to act that caused the automobile to commit the injury was the act of the driver, but the owner's permission for the incompetent driver to drive his automobile supplied the instrumentality, the use of which combined with the negligent act of the driver caused the injury. The permission of the owner sets in motion one of the agencies which makes possible the commission of the negligent act.
>
> \*\*\* [There is a] duty upon the owner to deny permission to another to drive his automobile for his own purposes when he knows such person is an incompetent or reckless driver or by the exercise of reasonable diligence he could have known of such incompetency or recklessness.
> \*\*\*
> The liability of the owner does not arise by merely proving that he gave permission to an incompetent driver to drive his automobile but it must also appear that the incompetency alleged was the proximate cause of the commission of the negligent act which caused the injury." (*Bensman*, 299 Ill. App. at 533-34, 20 N.E.2d at 911.)

This court affirmed the trial court's judgment for defendant *n.o.v.* when it concluded plaintiff did not prove the driver's defective vision caused the negligent act.

In *Bensman* and its progeny, the facts involved injury to a third person by the negligent act of an incompetent entrustee. The negligent act was facilitated by an owner-entrustor who supplied the instrumentality involved, in most cases a motor vehicle. In this case, however, the negligent entrustment action is brought by plaintiff on behalf of the entrustee's estate for her wrongful death, which was allegedly caused by Susan, the defendant-entrustor.

Susan argues the doctrine of negligent entrustment should remain limited to cases where an injured third party sues an entrustor for the negligent, injury-causing act of the entrustee. In support of her argu-

ment defendant cites a narrow definition of the doctrine, which states it is the entrustment of " 'a dangerous article to another whom the lender knows, or should know, is likely to use it in a manner involving an unreasonable risk of harm *to others.*' " (Emphasis added.) (*Teter v. Clemens* (1986), 112 Ill. 2d 252, 257, 492 N.E.2d 1340, 1342, quoting 1 J. Dooley, Modern Tort Law §23.01, at 613 (1982).) In *Teter*, plaintiff was struck in the eye by a pellet fired by defendants' grandson. Plaintiff argued defendants negligently entrusted their grandchild with a loaded pellet gun when he lacked the maturity and experience necessary to safely operate it. In support of his action, plaintiff quoted section 308 of the Restatement (Second) of Torts (Restatement (Second) of Torts §308, at 100 (1965)), which says:

> "It is negligence to permit a third person to use a thing or to engage in an activity which is under the control of the actor, if the actor knows or should know that such person intends or is likely to use the thing or to conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others." *Teter*, 112 Ill. 2d at 257, 492 N.E.2d at 1342.

Without commenting whether section 308 is appropriately applied to every negligent entrustment situation, the supreme court concluded plaintiff's complaint failed to state a cause of action because it did not adequately allege the fault by which the child's possession of the gun became possible, or if defendants were negligent in that regard. We do not consider *Teter* adequate authority for defendant's claim that negligent entrustment actions are exclusive to third-party plaintiffs.

Plaintiff cites section 390 of the Restatement (Second) of Torts (Restatement (Second) of Torts §390 (1965)) for the proposition that entrustees, as well as third persons, have a cause of action under the doctrine of negligent entrustment. Section 390 says:

> "One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm *to himself and others* whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them." (Emphasis added.) (Restatement (Second) of Torts §390, at 314 (1965).)

Comment *a* to section 390 states in part that the rule applies to "sellers, lessors, donors or lenders, and to all kinds of bailors, irrespective of whether the bailment is gratuitous or for a consideration." (Restatement (Second) of Torts §390, comment *a*, at 315 (1965).) Com-

ment *c* to section 390 explains that contributory negligence is a defense to an entrustee's claim against his entrustor, unless the entrustee was, because of his incompetence, incapable of contributory negligence. The comment provides:

"The rule stated in this Section sets out the conditions under which a supplier of a chattel is subject to liability. As always this phrase denotes that a supplier is liable if, but only if, his conduct is the legal cause of the bodily harm complained of and if the person suffering the harm is not subject to any defense such as contributory negligence, which will prevent him from recovering damages therefor. One who accepts and uses a chattel knowing that he is incompetent to use it safely or who associates himself in the use of a chattel by one whom he knows to be so incompetent, or one who is himself careless in the use of the chattel after receiving it, is usually in such contributory fault as to bar recovery. If, however, the person to whom the chattel is supplied is one of a class which is legally recognized as so incompetent as to prevent them from being responsible for their actions, the supplier may be liable for harm suffered by him, as when a loaded gun is entrusted to a child of tender years. So too, if the supplier knows that the condition of the person to whom the chattel is supplied is such as to make him incapable of exercising the care which it is reasonable to expect of a normal sober adult, the supplier may be liable for harm sustained by the incompetent although such person deals with it in a way which may render him liable to third persons who are also injured." Restatement (Second) of Torts §390, comment *c*, at 316-17 (1965).

Plaintiff argues comment *c* is inapplicable to States such as Illinois, which have substituted the doctrine of comparative negligence for that of contributory negligence. (*Alvis*, 85 Ill. 2d 1, 421 N.E.2d 886.) Moreover, plaintiff notes illustration 7 of the Restatement indicates the drafters must have anticipated liability for negligent entrustment in a situation where an entrustee is injured through his own negligence. Illustration 7 states:

"A, who makes a business of letting out boats for hire, rents his boat to B and C, who are obviously so intoxicated as to make it likely that they will mismanage the boat so as to capsize it or to collide with other boats. B and C by their drunken mismanagement collide with the boat of D, upsetting both boats. B, C, and D are drowned. A is subject to liability to the estates of B, C, and D under the death statute, although the

estates of B and C may also be liable for the death of D." Restatement (Second) of Torts §390, Illustration 7, at 317 (1965).

Research has failed to reveal any Illinois law either adopting or rejecting section 390, but plaintiff cites several cases from other jurisdictions that have applied that section to a negligent entrustment action brought by the entrustee.

In *Keller v. Kiedinger* (Ala. 1980), 389 So. 2d 129, the Alabama Supreme Court adopted section 390 of the Restatement as the law of its State in a case where a car was entrusted to a 14-year-old unlicensed driver who was subsequently killed in a one-car accident. The facts revealed that just before the accident, the decedent was driving on the wrong side of the road and lost control of her car when she attempted to dodge an oncoming car. The court found that, as a matter of law, the driver's *contributory negligence* caused her death.

In *Axelson v. Williamson* (Minn. 1982), 324 N.W.2d 241, the supreme court of Minnesota applied section 390 to reverse the jury's finding the defendant's entrustment of an automobile to the unlicensed decedent was not the legal, proximate cause of her death when the special interrogatories indicated both defendant and the decedent were negligent. The court noted the general rule, as enunciated in *Hardwick v. Bublitz* (1963), 254 Iowa 1253, 119 N.W.2d 886, for negligent entrustment cases involving a third-party claim: "[I]n order for liability to attach to the negligent [entrustor], the [entrustor's] negligence must be accompanied by negligence on part of the entrustee." (*Axelson*, 324 N.W.2d at 244.) The Minnesota court stated:

"Any possible break in the causal chain between [defendant's] and appellant's decedent's negligence must arise from an intervening, superseding cause. There is no indication in the record that anything other than decedent's lack of skill caused the car to leave the road and crash. [Defendant] was found negligent, presumably, because he entrusted the operation of his car to a person whom he could have foreseen would operate that car in a negligent manner. Consequently, in the absence of some showing of an intervening, superseding cause such as an exploding tire, [defendant's] negligence in allowing appellant's decedent to drive combined with her negligence in operation of the vehicle to cause decedent's death. ***

*** Judgment notwithstanding the verdict is not appropriate because the jury made no comparative fault finding, and appellant's decedent's contributory fault may reduce or even eliminate her recovery." *Axelson*, 324 N.W.2d at 244-45.

In *Blake v. Moore* (1984), 162 Cal. App. 3d 700, 208 Cal. Rptr.

703, a California appellate court applied section 390 to a situation where the entrustee-plaintiff was an intoxicated adult, the owner-entrustor was a passenger in the car, and no third party was injured. The court held plaintiff was entitled to a comparative fault trial that would "result in a weighing of defendant's fault in entrusting his car to plaintiff with knowledge of the intoxication, and the fault of plaintiff in drinking and then driving." *Blake*, 162 Cal. App. 3d at 707, 208 Cal. Rptr. at 708.

The court in *Gorday v. Faris* (Fla. App. 1988), 523 So. 2d 1215, relied on *Blake* in a case of first impression in Florida wherein the doctrine of negligent entrustment was applied when the injured party plaintiff was the entrustee. The case involved the entrustment of a vehicle by the intoxicated owner-passenger to his intoxicated friend. Plaintiff admitted his intoxication and that he agreed to drive the car, the combination of which caused an accident. Nevertheless, plaintiff sued his friend, claiming the latter negligently entrusted his car to an intoxicated driver. The trial court granted the defendant summary judgment, holding plaintiff had expressly assumed the risk of driving while intoxicated. The appellate court rejected the trial court's holding and observed the conduct of plaintiff more closely resembled contributory negligence, which was abolished upon the adoption of comparative negligence by the Florida courts.

The *Gorday* court stated it "agreed in concept with section 390" and noted the difficulty in applying it when the evidence conflicted as to the extent of intoxication of both parties, as to the entrustor's knowledge of the extent of the entrustee's intoxication and as to the exact circumstances under which the entrustee came into control of the car. However, the court concluded: "We are persuaded, in view of the existence of the comparative negligence rule in Florida, that the liability for negligent entrustment under the circumstances indicated by the pleadings and the proofs thus far submitted in this case must be determined by the trier of fact after a comparative fault trial." *Gorday*, 523 So. 2d at 1219.

■ It appears that in States where contributory negligence is the rule, such as Alabama (see *Keller*, 389 So. 2d 129), a cause of action by an entrustee against an entrustor under section 390 will be a self-defeating claim. However, the States that have adopted comparative negligence seem to uniformly accept such a cause of action. We find section 390 of the Restatement is appropriately applied to negligent entrustment cases of the type before us and hold, by that authority, a suit brought by an injured entrustee against his entrustor is a viable cause of action in a comparative negligence jurisdiction.

It is significant the doctrine of pure comparative negligence was the law at the time of the accident on October 1, 1983. (*Alvis*, 85 Ill. 2d 1, 421 N.E.2d 886.) The modified form of comparative negligence, which denies recovery to a plaintiff who is found to be more than 50% of the proximate cause of the injury, applies only to causes accruing after November 25, 1986. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1116.) The authority of *Alvis* abolished contributory negligence and declared a plaintiff's damages are to be reduced by the percentage of fault attributable to him, regardless of that amount. For example, under the pure form, if the contributory fault on the part of the plaintiff is 90% of the proximate cause of the injury and the defendant's fault is only 10%, the 90% negligent plaintiff will bear 90% of his own damages and the negligent defendant will bear the remaining 10%.

Susan's brief erroneously applies both the law of contributory negligence and the modified form of comparative negligence to this case. First, Susan argues that Tammy, 15 years old and presumptively responsible for her acts (*Wolczek v. Public Service Co.* (1930), 342 Ill. 482, 174 N.E. 577), is unable to recover because she was contributorily negligent when she recklessly drove a vehicle at 60 miles per hour on a gravel road with the knowledge she was an inexperienced, unlicensed and intoxicated driver. The cases cited by Susan apply pre-*Alvis* law. She ignores the already stated fact that Illinois is no longer a contributory negligence State, nor was it one on October 1, 1983, the date of the accident. Susan's error is compounded by her assertion plaintiff's recovery is also barred under the modified form of comparative negligence, because the "degree of her contributory negligence" was more than 50% of the proximate cause of her injuries. Again, it is the pure form of comparative negligence that is properly applied to this case and the question is one of degree of proximate cause attributable to both Tammy and Susan, regardless of the amount.

■■ The issue of proximate cause was bothersome to the trial court and should thus be addressed here. The decision in *Alvis* declared a jury could not be required to find only one proximate cause of an injury. (*Dodson v. Shaw* (1983), 113 Ill. App. 3d 1063, 1071, 448 N.E.2d 188, 194.) In the negligent entrustment cases brought by third-party plaintiffs, Illinois courts have declared "that entrusting a car to a driver whom the owner knows or should know is intoxicated constitutes negligent entrustment." (*Bohnen v. Wingereid* (1979), 80 Ill. App. 3d 232, 239, 398 N.E.2d 1204, 1209.) Furthermore, "entrusting a car to an unlicensed driver is tantamount to entrusting a car to an incompetent driver, and therefore an independent act of negli-

gence." (*Seward v. Griffin* (1983), 116 Ill. App. 3d 749, 754, 452 N.E.2d 558, 563.) In *Seward*, the court adopted the view of several foreign jurisdictions "that the negligence of the unlicensed driver provides a causal connection necessary to establish liability in tort between the negligence of the [entrustor] and the injuries sustained by the plaintiff." (*Seward*, 116 Ill. App. 3d at 754-55, 452 N.E.2d at 563.) Plaintiff argues the language suggests the negligence of the entrustee and the entrustor *combine* to constitute the proximate cause of the third party's injuries.

We agree and see no reason why that analysis should not be extended to cases involving injured plaintiff-entrustees. Years ago in *Bensman*, we required that the incompetency of the entrustee in a negligent entrustment case be the proximate cause of the third party's injury. However, we also addressed the issue of combined negligence when we stated "the owner's permission for the incompetent driver to drive his automobile supplied the instrumentality, the use of which combined with the negligent act of the driver caused the injury." (*Bensman*, 299 Ill. App. at 533, 20 N.E.2d at 911.) It is absurd to argue the entrustee's negligence is the sole proximate cause of a negligent entrustment plaintiff's injuries, not only because such a suggestion runs counter to comparative negligence law, but because it would always cut off the liability of an entrustor to a third-party plaintiff. If the entrustor cannot be considered a partial cause of the injury, a third-party plaintiff's only remedy would be against the entrustee. Such a result would frustrate the theory behind negligent entrustment actions, which is to put the burden of the expense caused by the accident on the owner who, unlike the driver, is expected to carry the necessary insurance to cover such risks. Prosser, The Law of Torts §73, at 481 (4th ed. 1971).

The only time an entrustee's act of negligent entrustment cannot be considered part of the proximate cause of the injury is when the causal chain has been broken by a superseding, intervening force. (See *Axelson*, 324 N.W.2d 241.) Whether or not an intervening or superseding cause is sufficient to cut off the proximate cause of a defendant's act of negligence in Illinois depends on if the defendant could reasonably foresee the intervening act. (*Bentley v. Saunemin Township* (1980), 83 Ill. 2d 10, 15, 413 N.E.2d 1242, 1245.) In order to escape liability, the defendant must demonstrate the intervening act was unforeseeable as a matter of law. *Parvin v. Sill* (1985), 138 Ill. App. 3d 325, 486 N.E.2d 262.

With the adoption of the doctrine of comparative negligence, courts have been less willing to label an actor's conduct as a remote

or superseding cause of injury. (*Michalak v. County of La Salle* (1984), 121 Ill. App. 3d 574, 459 N.E.2d 1131.) In *Michalak*, the plaintiff brought action against the county for negligent installation and maintenance of a guardrail, which plaintiff's car struck while he was bent over tending to a cigarette. The county claimed that even if the guardrail was negligently placed, plaintiff's intervening negligent act was a superseding cause of the injury; the county's action was not the legal or proximate cause. The *Michalak* court quoted the following language in support of its refusal to label the county's action a remote cause of plaintiff's injury:

> " 'Cases in which, prior to the adoption of comparative negligence, plaintiff might have lost under proximate cause rules, because the act of plaintiff or third parties was regarded as a "supervening cause", might be reconsidered because the court can now reach a fair decision by apportioning some of the blame to the defendant and some to third parties or to the plaintiff himself.' (V. Schwartz, Comparative Negligence sec. 4.3 (1974).)" (*Michalak*, 121 Ill. App. 3d at 578-79, 459 N.E.2d at 1134.)

The court concluded:

> "If under the rules of comparative negligence the county is only remotely at fault, then the degree of fault assessed by the jury would presumably reflect this lack of culpability. The county's conduct is not so remote from the events leading to plaintiff's injury that it can be said as a matter of law that such conduct was not a contributing legal cause." *Michalak*, 121 Ill. App. 3d at 579, 459 N.E.2d at 1134.

We agree the role of a superseding cause in a proximate cause determination is factored into the jury's verdict in a comparative fault jurisdiction and thus is not crucial to this case. The determinative question is whether the trial court should have declared, as a matter of law, that Tammy was the sole proximate cause of her injuries and subsequent death.

■ The question of proximate cause is ordinarily one for the jury. (*Ney v. Yellow Cab Co.* (1954), 2 Ill. 2d 74, 117 N.E.2d 74; *Felty v. New Berlin Transit, Inc.* (1978), 71 Ill. 2d 126, 374 N.E.2d 203.) Under the theory of pure comparative negligence, it is also the fact finder's duty to determine the relative degree of fault of the parties and reduce the plaintiff's award accordingly. The trial court in this case was concerned a jury would not be able to perform such a task. *Alvis* rejected such an argument when it said:

> "We *** view the necessary subtle calculations no more diffi-

cult or sophisticated for jury determination than others in a jury's purview, such as compensation for pain and suffering. Although it is admitted that percentage allocations of fault are only approximations, the results are far superior to the 'all or nothing' results of the contributory negligence rule." *Alvis*, 85 Ill. 2d at 17-18, 421 N.E.2d at 893.

We conclude there were material questions of fact presented by this case that should have been resolved by the jury. Such questions include whether Susan, when she entrusted her car to Tammy, knew or should have known Tammy was unlicensed or intoxicated. If so, the relative degree of fault of the parties under the pure form of comparative fault must be calculated. We reverse this case and order that plaintiff be allowed a comparative fault trial on remand.

The judgment of the circuit court of Cass County is reversed and remanded.

Reversed and remanded.

SPITZ, J., concurs.

PRESIDING JUSTICE McCULLOUGH, dissenting:

In *Teter*, the supreme court, quoting section 308 of the Restatement (Second) of Torts, said:

> " 'It is negligence to permit a third person to use a thing or to engage in an activity which is under the control of the actor, if the actor knows or should know that such person intends or is likely to use the thing or to conduct himself in the activity in such a manner as to create an unreasonable risk of harm *to others.*' " (Emphasis added.) (*Teter v. Clemens* (1986), 112 Ill. 2d 252, 257, 492 N.E.2d 1340, 1342, quoting Restatement (Second) of Torts §308, at 100 (1965).)

The supreme court also referred to section 318 of the Restatement (Restatement (Second) of Torts §318 (1965)), which states in substance that it deals with harm to others or the trustee conducting himself as to create an unreasonable risk of bodily harm to others.

I believe that the negligent entrustment doctrine deals with duties owed to third persons and not to the entrustee himself. The doctrine, as is apparent, applies to causes of action where a third party sues the entrustor for the negligent acts of the entrustee. This is not the factual situation here and the trial court should be affirmed.