DONALD E. WATERS, Plaintiff-Appellee, v. FUTURISTIC HOMES, INC., Defendant-Appellant.

(No. 53622;

First District—January 27, 1971.

Heller and Morris and Jerome H. Torshen, both of Chicago, (Jerold Morris and Ben Cohen, of counsel,) for appellant.

Kirkland, Ellis, Hodson, Chaffetz and Masters, of Chicago, (Donald Duffy, of counsel,) for appellee.

Mr. JUSTICE BURMAN delivered the opinion of the court:

Donald E. Waters, a passenger in an automobile driven by John Hayden, was injured when Hayden's car collided with a car driven by Aaron Corley. Waters instituted this action to recover for injuries which he sustained and which he alleged in his complaint were proximately caused (1) by the wilful and wanton negligence of his host driver, John Hayden, (2) by the negligence of Aaron Corley, the other driver, and (3) by the negligence of Futuristic Homes, Inc. in erecting a billboard which obstructed the vision of motorists at the intersection where the two cars collided.

The matter proceeded to trial before a jury, and at the close of all the evidence, Futuristic Homes made a motion for a directed verdict which was subsequently denied. The jury rendered a verdict (1) which found in favor of plaintiff and against the administrator of the estate of Aaron Corley and Futuristic Homes, (2) which assessed plaintiff's damages at $45,000.00, and (3) which found in favor of John Hayden and against plaintiff. The Circuit Court entered judgment in accordance with the verdict, from which judgment Futuristic Homes, Inc., appeals.

Futuristic Homes contends, on appeal, that the Circuit Court should have granted its motion for a directed verdict because the evidence taken in its aspect most favorable to plaintiff indicates (a) that it was not negligent and (b) that its conduct, even if negligent, was not the proximate cause of plaintiff's injuries. In the alternative, it contends that the judgment should be reversed and remanded for a new trial (1) because the jury was improperly instructed and (2) because the verdict was contrary to the manifest weight of the evidence.

The collision which caused plaintiff's injuries occurred at the intersection of U.S. Route 45 and 191st Street in Frankfort Township, Will County, Illinois, on November 15, 1961, at about 7:30 A.M. John Hayden was travelling north on U.S. Route 45 in a Chevrolet, and Aaron Corley was travelling west on 191st Street in an Oldsmobile when the collision occurred. U.S. Route 45 is a two-lane, paved highway which runs in a north and south direction. It has a posted speed limit of 65 miles per hour. A hill on U.S. Route 45 crests at a point 500 feet south of the intersection with 191st Street and then slopes downward so that the elevation of U.S. Route 45 at the intersection is 10 feet lower than it is at the crest of the hill.

191st Street is a two-lane paved street which runs in an east and west direction. Traffic on 191st Street is required to stop before entering U.S. Route 45. There is no cross walk or stop line on 191st Street, and consequently drivers are required by statute to stop "at the point nearest the intersecting roadway [U.S. Route 45] where the driver has a view of

approaching traffic * * *." See section 86(c) of the Uniform Act Regulating Traffic on Highways. (Ill. Rev. Stat. 1961, ch. 95½, par. 183(c).) The stop sign for westbound traffic was located on the date of the accident at a point 5.3 feet north of the north edge of 191st Street and 68 feet 6 inches east of the east edge of U.S. Route 45.

Defendant Futuristic Homes owned the property located on the southeast corner of the intersection. In 1958 or 1959 it erected a billboard which ran in an east and west direction and which faced 191st Street. The billboard itself was 100 feet long and 8 feet high, but since it was constructed on stilts it stood more than 8 feet high. The face of the billboard was set back 36 feet 3 inches from the south edge of 191st Street, and the western edge of the sign was 55 feet 2½ inches east of the east edge of U.S. Route 45. The western edge of the billboard extended 13 feet 3 inches past the stop sign toward the highway.

Four high school students, Michael Triebe, Robert Stanek, Ralph Donner, and James P. Rogers, were standing on the northeast corner of 191st Street at the intersection of U.S. Route 45 and waiting for the school bus when the collision occurred. Michael Triebe and James P. Rogers testified at trial, and the evidence depositions of Robert Stanek and Ralph Donner were read into the record. All four saw an Oldsmobile (Corley's car) which was travelling west on 191st Street, slow down to 3 or 4 miles per hour as it approached the intersection with U.S. Route 45. Michael Triebe testified that he saw the Oldsmobile proceed into the intersection without stopping. "When the Oldsmobile got to the east edge of Route 45, I glanced up because I wondered why he didn't stop and look now and then." Robert Stanek said that the Oldsmobile almost came to a stop, but rolled past the stop sign and out onto Route 45. Ralph Donner said that the Oldsmobile did not stop, but crept onto Route 45. James P. Rogers testified that he saw the Oldsmobile slow down as it approached the intersection. He then turned to look for the school bus, and when he looked back, he saw the Oldsmobile crossing Route 45.

The four students were standing 5 or 10 feet east of the stop sign. They testified that where they were standing the billboard on the south side of 191st Street obstructed their view of traffic approaching from the south on U.S. Route 45. Michael Triebe testified on cross-examination that if one stops 10 feet past the stop sign and looks to the south, before entering the highway, he has a clear view to the crest of the hill. Robert Stanek said that when one pulls out past the stop sign, the billboard sign does not interfere with vision.

Plaintiff, Donald Waters, who was a passenger in Hayden's car, testified that when he was about 300 feet from the intersection of U.S. Route 45 and 191st Street, he saw an Oldsmobile which he thought was stopped

near the east curb line of U.S. Route 45. He then noticed the Oldsmobile begin to move. "I thought he made two false starts." He explained that the car started up and stopped immediately, but he was unable to recall how far the Oldsmobile moved. When he was about 90 feet from the intersection, the Oldsmobile entered the intersection. At that instant he warned Hayden that he did not think that the Oldsmobile was going to stop. He then put his hand on the dashboard in preparation for the crash which followed. On cross-examination he stated that he was not certain that the Oldsmobile had ever stopped.

John Hayden testified that just prior to the accident he was driving his 1957 Chevrolet sedan north on U.S. Route 45, at a speed of approximately 50 miles per hour. When his car crested the hill south of Route 45's intersection with 191st Street he saw a 1956 Oldsmobile at a point 30 feet east of the edge of U.S. Route 45. The Oldsmobile, which was heading west, was creeping to a stop and did stop at a point 5 feet east of the edge of U.S. Route 45. When he was about 50 feet from the intersection, he saw the Oldsmobile suddenly start across the road. He immediately jammed on his brakes, but nevertheless, his car collided with the Oldsmobile. On cross-examination he stated that there was nothing which obstructed his view of the Oldsmobile from the time he came over the top of the hill to the time the collision occurred.

■■ The standard which must be applied in determining whether an act is a proximate cause of an injury has been set forth in a number of cases. (See *Merlo v. Public Service Company*, 381 Ill. 300, 45 N.E.2d 665; *Neering v. Illinois Central Railroad Co.*, 383 Ill. 366, 50 N.E.2d 497; *Berg v. New York Central Railroad Co.*, 391 Ill. 52, 62 N.E.2d 676.) In *Neering v. Illinois Central Railroad Co.*, the Supreme Court stated 383 Ill. 366, 380, 50 N.E.2d 497, 503:

"What constitutes proximate cause has been defined in numerous decisions, and there is practically no difference of opinion as to what the rule is. The injury must be the natural and probable result of the negligent act or omission and be of such a character as an ordinarily prudent person ought to have foreseen as likely to occur as a result of the negligence, although it is not essential that the person charged with negligence should have foreseen the precise injury which resulted from his act."

Questions of proximate cause are ordinarily questions of fact to be decided by the trier of fact. (*Ney v. Yellow Cab Co.*, 2 Ill.2d 74, 117 N.E.2d 74.) Motions for directed verdicts and for judgments *n.o.v.*, however, do raise questions of law. The Supreme Court recently set forth the standard which must be applied in granting or denying these motions

in *Pedrick v. Peoria and Eastern Railroad Company*, 37 Ill.2d 494, 510, 229 N.E.2d 504, 513-514:

"In our judgment verdicts ought to be directed and judgments *n.o.v.* entered only in those cases in which all of the evidence when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand."

Aaron Corley, the driver of the Oldsmobile was under a duty to stop "at the point nearest the intersecting roadway where the driver has a view of approaching traffic." Corley breached this duty by failing to stop. The billboard, constructed by Futuristic Homes, obstructed Corley's view of traffic approaching from the south on U.S. Route 45, while he, Corley was approaching the intersection; the west end of the billboard, however, was 55 feet 2½ inches east of the east edge of U.S. Route 45, and consequently, Corley's view was unobstructed in the approximately 50 feet between the west end of the billboard and the point where he, Corley, ought to have stopped. Corley had both time and opportunity to view traffic approaching from the south on U.S. Route 45. He had reduced the speed of his automobile and was travelling at only 3-4 miles per hour as he approached the intersection. The stop sign, located on the north side of 191st Street was not blocked by the billboard which was across the road on the south side of 191st Street. Indeed, Corley's reduction of speed clearly indicates that he was aware of the stop sign. John Hayden testified that when his car crested the hill south of the intersection, he saw the Oldsmobile at a point 30 feet east of the inter-section, and on cross-examination he stated that his view of the Olds-mobile was never obstructed. Plaintiff testified that he saw the Oldsmo-bile when the Chevrolet in which he was riding was about 300 feet from the intersection.

■■ After reviewing the evidence in its aspect most favorable to plain-tiff, we are of the opinion that the overwhelming weight of the evidence indicates that the obstruction of vision caused by the position of the billboard was not the proximate cause of plaintiff's injuries and that it was reversible error to deny Futuristic Homes' motion for a directed verdict.

Plaintiff relies upon *Cardona v. Toczydlowski*, 35 Ill.App.2d 11, 180 N.E.2d 709. We held there that the question of proximate causation was a question of fact for the jury because on the evidence in that case reasonable men might differ as to whether defendant's conduct was a proximate cause of plaintiff's injury. The jury justifiably could have found that an illegally parked truck obstructed a driver's vision, dis-

tracted his attention, and prevented him from seeing the plaintiff, "pedestrian", who ran into the side of the driver's car. The facts in the instant case are clearly dissimilar. Here Corley failed to stop before entering an intersection as required by law and failed to keep a proper lookout for oncoming traffic when he had a clear and unobstructed view of traffic approaching from the south.

Plaintiff-appellee contends, in his belief, that the provisions of the Will County Zoning Ordinance relating to "corner visibility" and a surveyor's plat were improperly excluded from evidence, and he urges us to consider this evidence in determining the propriety of granting or denying Futuristic Homes motion for a directed verdict. We believe consideration of these items would not affect the outcome of this case. After considering the physical layout of the intersection and the testimony of the eye witnesses in its aspect most favorable to plaintiff, we conclude that the overwhelming weight of the evidence indicated that the positioning of the billboard, even if negligent, was not the proximate cause of plaintiff's injuries. Evidence that the billboard violated provisions of the Will County Zoning Ordinance would only constitute additional evidence that the billboard was negligently positioned and would not affect our consideration of the question of proximate cause. The plat in relation to the location of the billboard, the stop sign, the pavement, and the right of ways was merely cumulative to the testimony of the surveyor at trial.

Since we have held that it was reversible error to deny Futuristic Homes' motion for a directed verdict, we need not consider Futuristic Homes alternative arguments for a new trial.

For the reasons indicated the judgment of the Circuit Court is reversed.

Judgment reversed.

ADESKO, P. J., and DIERINGER, J., concur.