HUBERT POWELL *et al.*, Plaintiffs-Appellants, v. STAR FIREWORKS MANUFACTURING COMPANY, Defendant-Appellee.

Fourth District   No. 4—87—0101

Opinion filed November 12, 1987.

Richard A. Chapin, of Gunn & Hickman, P.C., of Danville, for appellants.

John F. Martin, of Dukes, O'Rourke, Stewart, Martin & Helm, Ltd., of Danville, for appellee.

JUSTICE GREEN delivered the opinion of the court:

On June 5, 1986, plaintiffs Hubert Powell, Beulah Powell, and Donald Broderick filed a five-count complaint in the circuit court of Vermilion County seeking to recover damages to either their person or their property resulting from an explosion occurring on November 30, 1982, on property owned and occupied by defendant, Star Fireworks Manufacturing Company. On November 19, 1986, upon defend-

ant's motion, the court dismissed the complaint in bar of action for failure to state a cause of action. Plaintiffs have appealed. We affirm the portion of the judgment dismissing counts II and V, reverse the other portions of the judgment, and remand for further proceedings.

Each count stated that on November 30, 1982: (1) defendant was the owner of real estate adjacent to or near property owned by plaintiffs Powell; (2) defendant was operating on its property a business involving the manufacture of fireworks explosives; (3) an abandoned coal mine shaft was on that property, and defendant was aware of its existence; (4) upon its property and approximately 75 feet from the mine shaft, defendant maintained a boiler with a pilot light; and (5) methane gas escaped from the mine shaft, came into contact with the pilot light, and created two explosions. The complaint made no allegation that any fireworks or other explosives on defendant's property either became inflamed or exploded.

Count I was brought by plaintiffs Powell seeking recovery for damage to their property adjacent to defendant's. In addition to the previously mentioned allegations, that count also stated that defendant: (1) knew or should have known that methane gas is commonly found in and about abandoned coal mine shafts; (2) knew or should have known that such gas was present in the shaft on its property; and (3) breached its duty to Powells by (a) failing to fill the shaft with appropriate substance to prevent buildup of the gas, (b) failing to properly seal or cap the shaft to prevent the gas from escaping, (c) negligently capping the shaft so as to allow buildup and leak of the gas, (d) failing to take appropriate action after discovering the foregoing condition of the capping, or (e) negligently maintaining the boiler in too close proximity to the shaft. Count I contended that the foregoing were the proximate cause of the damage to those plaintiffs' property.

Count II was brought for the purpose of enabling plaintiffs Powell to recover damages to their property by proving defendant's negligence under the doctrine of *res ipsa loquitur*. In addition to the previously mentioned allegations, that count asserted that ignition and explosion of methane gas in and about abandoned mine shafts, thereby causing substantial damage to nearby property, "does not ordinarily occur in the absence of negligence." Count III was also brought by plaintiffs Powell. In addition to the statements common to all counts, count III repeated the allegations of specific negligence contained in count I and then contended defendant had so negligently and carelessly maintained its property "as to allow a known hazard to exist thereon, thereby maintaining and continuing a nuisance ***

which posed an unreasonable risk of damage and injury to *** 'nearby property.' " In this count, the Powells sought damages for the diminution in the value of their property caused by the condition of defendant's property.

Counts IV and V were brought by plaintiff Broderick stating that at the time of the explosion he was on the property of plaintiffs Powell as their guest and received personal injuries as a proximate result of the explosion. Count IV contained the general allegations of count I and those specifying the acts of negligence with which defendant was charged. Similar to count II, count V was filed as a basis for seeking to prove defendant's negligence through inferences arising from the doctrine of *res ipsa loquitur*.

■■ The parties do not dispute that counts I and IV are sufficient to allege the existence of negligence on the part of defendant. For a defendant to be liable for negligence which results in injury to another, that negligence must, of course, be a proximate cause of the injury. (*Felty v. New Berlin Transit, Inc.* (1978), 71 Ill. 2d 126, 374 N.E.2d 203.) Foreseeability of harm resulting from the negligence is the most significant element of proximate cause. (*Felty*, 71 Ill. 2d 126, 374 N.E.2d 203.) The existence of proximate cause is largely a question of fact for the trier of fact. (*Felty*, 71 Ill. 2d 126, 374 N.E.2d 203.) Here, the complaint alleged that defendant permitted a pilot light to be in operation within 75 feet of the opening of an abandoned mine shaft, which had an opening five feet in width and was approximately 150 feet in depth. The counts also stated that defendant knew or should have known methane gas was escaping. These ultimate facts, if proved, would be a sufficient basis to support a proper finding by the trier of fact that defendant's conduct, in permitting the existence of the pilot light and failing to shut off the escaping gas by filling the shaft or capping it, was a proximate cause of the explosion damaging plaintiffs. In defendant's brief it states that defendant had been using the land in the same manner under the same conditions for many years without an explosion occurring. The issue here is the sufficiency of the complaint, and it does not state how long defendant had used the land. If such evidence is introduced, that evidence can be considered on the questions of foreseeability and notice of danger.

■ For the defendant to be liable to plaintiffs for negligence that was a proximate cause of injury to plaintiffs, defendant must have been under a duty to plaintiffs to avoid that negligence. The parties seem to agree that the biggest issue in regard to the sufficiency of counts I and IV is whether the counts set forth such a duty. The parties also seem to agree that, unlike the question of proximate cause,

the question of the existence of duty is a question of law for the determination of the court. (*Mieher v. Brown* (1973), 54 Ill. 2d 539, 301 N.E.2d 307.) Reasonable foreseeability is also a factor in determining the existence of duty, but it is not the only element. (*Renslow v. Mennonite Hospital* (1977), 67 Ill. 2d 348, 367 N.E.2d 1250; *Cunis v. Brennan* (1974), 56 Ill. 2d 372, 308 N.E.2d 617.) The other elements of duty were set forth concisely in *Lance v. Senior* (1967), 36 Ill. 2d 516, 224 N.E.2d 231. They are "the magnitude of the burden of guarding against [the injury] and the consequences of placing that burden upon the defendant." (36 Ill. 2d at 518, 224 N.E.2d at 233.) These factors have been relied on in many other cases, including this court's recent decision in *Quinn v. Sigma Rho Chapter of Beta Theta Pi Fraternity* (1987), 155 Ill. App. 3d 231, 507 N.E.2d 1193.

■■ We hold the complaint sufficiently alleged the elements of duty. After the evidence is in, the court can then make a finding, as a matter of law, upon the question. For the reasons previously mentioned, ultimate facts giving rise to reasonable foreseeability are alleged. In regard to the difficulty of guarding against the injury and the consequences of placing that burden on the defendant, the defense here points out that many tracts in eastern central Illinois are over abandoned coal mines which may have shafts extending to near the surface but which are not readily discernible and which may have gas escaping from them. We recognize the burden that would be placed upon landowners if all of those owning land over abandoned mines were *ipso facto* deemed responsible for injuries to people on their property or that nearby if gas escaped causing an explosion. However, as we have pointed out, here, the complaint alleges the mine shaft had a 5-foot wide opening, defendant knew of the shaft, and defendant knew or should have known that methane gas was escaping. Any duty placed upon defendant here is based upon the existence of that knowledge or circumstances whereby defendant should have known of the escape of gas. If the foregoing matters are proved, the burden placed upon defendant to use ordinary care (1) to prevent the escape of the gas, or (2) to prevent the lighting of fires sufficiently close to the shaft head that an explosion was reasonably likely to occur is not too great a burden nor does it subject defendant to unreasonable consequences.

■■ As we have indicated, counts II and V alleged negligence generally and requested the court to invoke the doctrine of *res ipsa loquitur* permitting the trier of fact to draw an inference of negligence from certain circumstances. The circumstances required to make the doctrine applicable arise when injury is inflicted (1) in an occurrence

which would not ordinarily happen absent some negligence; (2) by an instrumentality or agency within the control of the defendant; and (3) under circumstances indicating the injury was not due to any voluntary act on the part of a plaintiff. *Lynch v. Precision Machine Shop, Ltd.* (1982), 93 Ill. 2d 266, 443 N.E.2d 569.

In maintaining that the facts alleged here would support permitting the trier of fact to infer negligence on the part of defendant, plaintiffs cite *Metz v. Central Illinois Electric & Gas Co.* (1965), 32 Ill. 2d 446, 207 N.E.2d 305. There, the evidence at trial showed that an explosion had resulted from a leak in a broken gas main occupied and operated by a public utility. The supreme court held that the trial court properly instructed the jury as to *res ipsa loquitur*, because the instrumentality (broken pipeline) was sufficiently under the control of the defendant utility and an explosion would not ordinarily have occurred without negligence on the part of the utility. Plaintiff argues that similarly, under the allegations here, the mine shaft was sufficiently under defendant's control and an explosion here would not have occurred absent defendant's negligence. We disagree.

■■ In *Metz*, the defendant was a public utility that had installed the gas line and which was under a duty to use a high degree of care to maintain the line. In applying the use of the theory of *res ipsa loquitur* to explosion cases, the supreme court noted that not all jurisdictions agreed but stated "the better reasoning has applied the doctrine to gas company cases." (32 Ill. 2d at 451, 207 N.E.2d at 308.) This was not a "gas company" case. The defendant was not alleged to have sunk the mine shaft or operated the mine. Gas was not being transmitted intentionally. Under the allegations of counts II and V, defendant may not have known of the existence of methane gas coming from the mine shaft and defendant may have used due care in attempting to prevent the escape of gas but may have been unable to do so. Even if we assume control by defendant to be sufficiently alleged, the other circumstances alleged give no indication that the explosion would not ordinarily have occurred absent negligence by the defendant. The circuit court properly dismissed counts II and V.

■■ Finally, we come to the question of the sufficiency of count III brought by the Powells, the owners of the land adjoining defendant's property, contending that, through defendant's negligence, defendant had created a nuisance which resulted in the explosion which damaged the Powells' property. Defendant does not dispute that a nuisance can be created by negligence. (*Wheat v. Freeman Coal Mining Corp.* (1974), 23 Ill. App. 3d 14, 319 N.E.2d 290.) Rather, defendant maintains that count III does not set forth that it owed a duty to the

Powells which was breached by defendant. The allegations of duty here were the same as those in counts I and IV. We have held that, in those counts, sufficient allegations were made to form the basis of a subsequent ruling by the trial court that the claimed duty existed as a matter of law. Accordingly, we hold that the circuit court also erred in dismissing count III.

The parts of the judgment appealed dismissing counts II and V are affirmed. The parts of that judgment dismissing counts I, III, and IV are reversed. The cause is remanded to the circuit court of Vermilion County for further proceedings.

Affirmed in part, reversed in part, and remanded.

SPITZ, P.J., and McCULLOUGH, J., concur.