EDWARD McINTYRE, Plaintiff-Appellant, v. STEVEN SIMNICK, Adm'r of the Estate of Thomas Simnick, Deceased, Defendant-Appellee.

Third District   No. 3—92—0256

Opinion filed November 30, 1992.

Roger C. Elliott, of Elliott & McClure, of Momence (Paul F. Michel, of counsel), for appellant.

Brittain & Ketcham, P.C., of Elgin (Daniel E. Compton, of counsel), for appellee.

JUSTICE GORMAN delivered the opinion of the court:

This is an action for damages arising from an explosion of materials stored in defendant's garage. Plaintiff's first amended complaint was dismissed with prejudice for failure to state a cause of action. We affirm.

In June 1991, plaintiff Edward McIntyre filed a complaint alleging a cause of action for negligence under the doctrine of *res ipsa loqui-*

*tur.* After this complaint was dismissed without prejudice, plaintiff filed an amended complaint.

Plaintiff's first amended complaint alleges that on September 2, 1990, defendant Thomas Simnick (now deceased) owned and possessed a home with detached garage in Gilman, Illinois. It also alleges that the garage and its contents and the surrounding premises were under the management and control of defendant. Plaintiff further alleges that defendant stored various flammable and explosive materials and instrumentalities, including pressurized storage tanks containing acetylene gas and large quantities of gunpowder, in the garage. Plaintiff alleges that on September 2, 1990, he was defendant's guest in the garage. At approximately 2 a.m. on that date, an explosion occurred there and a fire engulfed the area. Plaintiff alleges that the explosion would not have occurred in the absence of defendant's negligence and that plaintiff did nothing that caused or contributed to the explosion. Finally, plaintiff alleges that he suffered severe and permanent injuries as a result of the explosion.

Following the dismissal of plaintiff's first amended complaint with prejudice for failure to state a cause of action, plaintiff did not move to amend the first amended complaint. Plaintiff appeals.

The issue for review is whether plaintiff has alleged a negligence cause of action under *res ipsa loquitur*.

■ The doctrine of *res ipsa loquitur* raises an inference of negligence from otherwise inexplicable facts and circumstances by allowing proof of general negligence through circumstantial evidence. (*Imig v. Beck* (1986), 115 Ill. 2d 18, 503 N.E.2d 324.) The application of the *res ipsa loquitur* doctrine is a question of law which must be decided in the first instance by the trial court. (*Imig,* 115 Ill. 2d 18, 503 N.E.2d 324.) Under the doctrine of *res ipsa loquitur*, the facts of the occurrence show *prima facie* the defendant's negligence if the plaintiff establishes (1) that the occurrence is one that ordinarily does not occur in the absence of negligence and (2) that the defendant had exclusive control of the instrumentality that caused the injury. (*Dyback v. Weber* (1986), 114 Ill. 2d 232, 500 N.E.2d 8.) As to the element of control, the Restatement (Second) of Torts, §328D, Comment *g*, at 161 (1965) provides as follows:

> "The plaintiff may sustain [its] burden of proof *** based on a showing of some specific cause for the event which was within the defendant's responsibility, or a showing that the defendant is responsible for all reasonably probable causes to which the event can be attributed. Usually this is done by showing that a specific instrumentality which has caused the

event, or all reasonably probable causes, were under the exclusive control of the defendant. Thus the responsibility of the defendant is proved by eliminating that of any other person."

The appellate court will review the trial court's grant of defendant's motion to dismiss on the pleadings to determine whether the allegations in plaintiff's complaint, interpreted in a light most favorable to plaintiff, are sufficient to state a cause of action upon which relief may be granted. *Weil, Freiburg & Thomas, P.C. v. Sara Lee Corp.* (1991), 218 Ill. App. 3d 383, 577 N.E.2d 1344.

In *Powell v. Star Fireworks Manufacturing Co.* (1987), 162 Ill. App. 3d 647, 515 N.E.2d 1280, plaintiffs sued the defendant, a fireworks manufacturer, for an explosion which caused property damage. Plaintiffs' allegations stated that the explosion was caused by methane gas coming from a mine shaft on property which defendant owned. The gas allegedly came into contact with a boiler pilot light situated on defendant's property and exploded. The appellate court affirmed the dismissal of the *res ipsa* counts. It noted that the allegations failed to show that the mine shaft was under the control of defendant. Even assuming control to be sufficiently alleged, the court found that the other circumstances alleged gave no indication that the explosion would not ordinarily have occurred absent negligence by the defendant.

■ Plaintiff argues that the storage requirements set forth under the Illinois Explosives Act (Ill. Rev. Stat. 1991, ch. 96½, par. 1—1001 *et seq.*) and several court decisions, including *Metz v. Central Illinois Electric & Gas Co.* (1965), 32 Ill. 2d 446, 207 N.E.2d 305, *Bart v. Union Oil Co.* (1989), 185 Ill. App. 3d 64, 540 N.E.2d 770, and *Siniarski v. Hudson* (1949), 338 Ill. App. 137, 87 N.E.2d 137, support an inference of negligence here. However, it cannot be said in this case that the explosion would not normally have occurred in the absence of negligence because plaintiff has not alleged what exploded or how it ignited. In the three cases above cited by plaintiff, the instrumentality causing the explosion and the source of ignition were identified. Here, under the allegations set forth, there could have been many reasons for this explosion, including arson or the ignition of household or lawn chemicals by a cigarette butt.

As to control, plaintiff asserts that *Lynch v. Precision Machine Shop, Ltd.* (1982), 93 Ill. 2d 266, 443 N.E.2d 569, establishes that exclusive control is not required, but rather that it is necessary only to show enough control to support an inference that the defendant was negligent. Although the pleadings were not set forth, the facts in that case showed that a chisel and piece of file had gotten into and dam-

aged a boring mill gear box owned by defendant-counterclaimant. Plaintiff had repaired the gear box on three occasions; the gear box was normally sealed and required extensive operations to open; there was no evidence that the box was opened other than when it was being repaired; and plaintiff had the responsibility to supervise the laborers assisting him. In the instant case, using the *Lynch* court's formulation of the amount of control required, plaintiff's complaint fails to allege sufficient control by defendant.

Plaintiff makes a blanket allegation that defendant was in control of everything in and around the garage. However, there is no allegation that the gunpowder or acetylene gas exploded and there is no allegation specifying what instrumentality caused the explosion. Without an indication of what triggered the explosion or what exploded, there can be no circumstantial evidence that the instrumentality setting it off was within the defendant's control or responsibility. In sum, because of these deficiencies, plaintiff's amended complaint does not state a cause of action for negligence under the *res ipsa loquitur* doctrine.

We have considered remanding this case to allow plaintiff an opportunity to amend his complaint. We have rejected this option because plaintiff could have moved the trial court to change its order and to allow plaintiff leave to amend his pleadings. The trial court then could have exercised its discretion as to whether or not to allow plaintiff to amend. When plaintiff chose to file this appeal, that action was tantamount to standing on the pleadings.

Accordingly, for the reasons set forth above, the judgment of the circuit court of Iroquois County is affirmed.

Affirmed.

BARRY, P.J., and McCUSKEY, J., concur.